## BRODHEAD v. BRODHEAD.
### No. 15222.

Court of Civil Appeals of Texas.
Fort Worth.

April 6, 1951.

Rehearing Denied May 4, 1951.

Benedict J. Militana, of New York City. McNees & McNees, of Dallas, for appellant.

Henry Klepak and John P. Koons, both of Dallas, for appellee.

McDONALD, Chief Justice.

In November of 1945 appellee sued appellant for divorce. Among other things she alleged that she was a proper person to have custody of their ten year old daughter, and, to quote from her petition, "that an agreement (had) been entered into between the parties in regard to alimony and child support, as well as a community property settlement." Judgment was rendered in a non-jury trial on December 27, 1945. The first paragraph of the portion of the judgment adjudicating the cause awards appellee a divorce. The second paragraph consists of the three words, "Property settlement affirmed." The third paragraph awards custody of the child to appellee.

In the fourth paragraph the court orders appellant to pay into the registry of the court the sum of $56 per month for the support of the minor child until she reaches the age of sixteen. No appeal was taken from that judgment.

On November 12, 1949, appellee filed what was referred to therein as "her motion to correct judgment to conform with the Findings of the Court in the Agreement entered into between the Plaintiff and Defendant in reference to child support * * *." Said motion is brief. In substance it alleges that at the time the divorce was awarded the court's attention was called to the settlement agreement in the cause whereby appellant agreed to pay the sum of $56 twice a month for the support of the minor child; that at the time of the original judgment the court ordered payment of $56 per month for child support instead of twice a month, as agreed between the parties, as being a proper and just sum for the support and maintenance of the child; that the court stated, when entering the order, that appellant was being ordered to pay $56 twice per month for child support, but "when same was entered on the docket of the Court, same was made to read $56 per month, instead of twice a month." The motion concludes with a declaration to the effect that the judgment should be corrected on the docket of the court as well as in the minutes, and entered nunc pro tunc.

█ It is settled by many decisions that a judgment may not ordinarily be altered after the end of the term of court, except on equitable grounds in the proceeding we generally know as a bill of review. It is not contended that the present proceeding is a bill of review, nor can it be contended that the proceeding is one to readjudicate the question of child support, as allowed by Article 4639a, Vernon's Texas Civil Statutes. The prayer of the motion is not for a new adjudication of the matter of child support, but for a judgment nunc pro tunc, based on the theory that the court should now enter the judgment which should have been entered in 1945. Although no mention is made of it in her pleadings or in her brief, it is probable that appellee's motion to correct the judgment is intended to be filed under authority of Rules 316 to 319, inclusive, Texas Rules of Civil Procedure. Rule 316 provides for the correction of the record of a judgment, which means the correction of the minutes on the ground that they do not correspond with the judgment actually rendered by the court. Rule 317 reads as follows:

█ "Where in the record of any judgment or decree of a court, there shall be any omission or mistake, miscalculation or misrecital of a sum or sums of money, or of any name or names, if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended, it shall be corrected by the court, wherein such judgment or decree was rendered, or by the judge thereof in vacation, upon application of either party, according to the truth and justice of the case. The opposite party shall have reasonable notice of the application for such amendment."

Even if it be admitted that the original judgment was based on the agreement of the parties which is hereinafter discussed in detail, such fact does not constitute the agreement an instrument of writing among the records of the case, within the meaning of the rule, upon which correction of the judgment may be based. Although appellant admitted having signed the agreement in question, if he had denied signing it, or if he had offered proof in support of his allegation that the original judgment was based on an agreement other than that introduced by appellee in the present proceeding, the hearing on the motion to correct the original judgment would have been transposed into an inquiry, disputed as to facts, with respect to the basis of the original judgment. It seems plain to us that Rule 317 contemplates no such procedure as this. If it be admitted that a movant, under Rule 317, could show that the original judgment was based on an agreement which did not constitute any part of the records of the case, it could not properly be said that the judgment would be altered because the judge should later be

persuaded that the former interpretation of the written instrument was erroneous. Under such a theory, judgments would not have the quality of finality which the law seeks to give to them. The point is especially emphasized in the present case by the fact that a different judge heard the motion to correct the judgment.

But even if it should be admitted that the motion to correct the judgment is maintainable on the ground that the original judgment was not in accord with the agreement, the proof does not support appellee in the contentions she makes.

The written agreement on which she relies was signed by appellee and appellant about three weeks before the divorce suit was filed. It recites that the parties have the one child; that the parties have separated and have agreed to live apart for the rest of their natural lives; that the wife is to have custody of the child, and that she agrees to support the child from the money received from the husband, as provided for in the agreement; that the husband will pay medical expenses of the child under specified circumstances; that the husband will pay to the wife the sum of $56 twice per month until the child reaches the age of eighteen, after which he will pay to the wife the sum of $40 twice per month, all of said payments to be made to the wife until she dies or remarries. The agreement specifically refers to such payments as being provisions for the maintenance and support of the wife and child, and provides that in the event of a divorce such provisions shall be made a part of the judgment or decree.

Under no proper interpretation can it be said that the agreement just described was a property settlement. The agreement made no mention of property of any kind, real, personal, or otherwise. If the original judgment was intended to confirm a property settlement, it was not this one. Under settled rules pertaining to judgments, a decree must be specific to the extent that the subject matter of the decree can be determined, either from the recitals of the judgment or by reference to other portions of the record of the cause. If the

agreement above referred to was the basis upon which the order for child support rested, it is readily apparent that there was no agreement between the parties for a specified sum for child support. The agreement, in plain language, provides for the maintenance and support of the wife and the child, without specifying the amounts respectively to be allocated to each. It cannot be said there was an agreement to pay any particular amount for the support of the child, and much less can it be said that the entire amount was for the support of the child. The judge may have considered the agreement, along with other evidence, in deciding what amount should be ordered for child support, but the agreement which has been relied on in the present proceeding could not properly have been treated, either in the original divorce suit or in the present proceeding, as the basis for an agreed judgment.

A circumstance which suggests that the agreement now relied on by appellee was not the basis of the original judgment is the fact that the agreement declared that the parties both resided in New York. It is not easy to believe that the court would have granted a divorce to a plaintiff who rested her suit in part on a written agreement, signed only a few weeks before, which declared that the plaintiff was a resident of another state.

For reasons above suggested, barring all other questions that address themselves to our minds, the agreement on which appellee relies does not support her principal contention, to-wit, that she and appellant agreed in writing that he should pay the sum of $56 twice per month for the support of the child. The judge in the original action was without authority to order payments in the future for maintenance and support of the wife, either as permanent alimony, or as payments due in futuro on a contract. Giving the original judgment the presumptions of validity to which it is entitled, it should not be interpreted as evidence of any such purpose on the part of the judge who rendered said judgment. The judgment presently

appealed from is unenforceable as to child support because it does not order any specified sum to be paid for child support. The direction that child support should be governed by the agreement above referred to is uncertain, and incapable of definite ascertainment as to amount, because the agreement itself fails to provide what amount shall be paid for such purpose, as above discussed.

The judgment is reversed, and judgment is here rendered denying appellee the relief she seeks, and reinstating the original judgment of December 27, 1945.

Reversed and rendered.