**STAUSS v. STAUSS.**

No. 12360.

Court of Civil Appeals of Texas.

San Antonio.

Dec. 12, 1951.

S. Benton Davies, San Antonio, for appellant.

Biery, Biery & Brown, San Antonio, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal from an order of the Judge of the 45th District Court of Bexar County, overruling the motion of Albert William Stauss to enter judgment nunc pro tunc in Cause No. F–17452, styled Mattie

Stauss v. Albert William Stauss, on the docket of that court, for the purpose of correcting an alleged clerical error in the judgment as recorded in 1944.

The present trial judge of that court, who did not render the original judgment, after hearing evidence, overruled the motion and Albert William Stauss has prosecuted this appeal.

There is no record evidence showing that the judgment as recorded originally in Cause F–17452 was not correct. The alleged variance between the judgment as rendered and as recorded is sought to be established by parol testimony produced seven years after the fact. The original judgment awarded the possession of a house and lot, located at 727 Hammond Avenue in the City of San Antonio, to Mattie Stauss until March 25, 1953. This property was the separate estate of appellant. Appellant contends that the trial judge in rendering judgment in Cause No. F–17452 in 1944, orally announced that the wife was to have possession of this property until the son of appellant and appellee arrived at the age of sixteen years. This date was in fact March 25, 1951, and not March 25, 1953, as recited in the judgment. The motion for judgment nunc pro tunc was not filed until 1951, some seven years later. The judgment was written originally by the attorney for the wife, it was re-written in part and re-copied in whole by the attorney for the husband, and approved as to form by both attorneys and the trial judge before being entered.

There are two rules which provide for correcting clerical errors in judgments, Rules 316 and 317, Texas Rules of Civil Procedure. Rule 317 provides in effect that a clerical error in a judgment *shall be corrected* upon the application of either party "if there is among the records of the cause any verdict or instrument of writing whereby such judgment or decree may be safely amended".

Here we do not have among the records of this case any verdict or instrument of writing whereby such judgment may be safely amended, so appellant must seek the relief he requested under the provisions of Rule 316, which provide, in effect, that a mistake in the recording of any judgment *may be corrected* by the judge in open court after notice. Brodhead v. Brodhead, Tex.Civ.App., 238 S.W.2d 832.

The only evidence that there was a mistake in the recording of the original judgment, is oral testimony of appellant's attorney as to his recollection, after seven years, of what the judge said when he announced his judgment. It is undisputed that the trial judge did announce that the mother was to have custody of the son until he became sixteen years of age and, according to the recollection of appellant's attorney, he also announced that the mother was to have the possession of the house and lot only until the son arrived at the age of sixteen years. Mrs. Stauss testified that, according to her recollection, the judge announced that she was to have possession of the property until the son was through school.

■ When a trial judge, who did not render a judgment, is called upon to change the plain provisions of a judgment which has stood for seven years, upon the disputed oral testimony of the attorney of one of the parties, he should proceed with great care and caution, and only grant such relief if the evidence is clear, satisfactory and convincing to him, and where under such circumstances he refused to make the correction an appellate court should not disturb such decision unless it clearly appears that such trial judge has abused his discretion. Co-Wok-Ochee v. Chapman, 76 Okl. 1, 183 P. 610.

■ Under the record in this case, we cannot say that the trial judge abused his discretion, but, on the contrary, we feel that, under the policy of the law to give permanency to final judgments, he rendered the correct judgment.

Accordingly, the order refusing to change the date in the original judgment is affirmed.