Eunice Schmidt MOBLEY, a Widow et al.,
Appellants,

v.

The RHEEM MANUFACTURING COM-
PANY et al., Appellees.

No. 14914.

Court of Civil Appeals of Texas.

Houston.

Dec. 22, 1966.

Rehearing Denied Jan. 12, 1967.

Fred Parks, Charles F. Oakley, Hous-
ton, for appellants.

Vinson, Elkins, Weems & Searls, Tom
Weatherly, James Greenwood, III, Butler,
Binion, Rice, Cook & Knapp, Frank J.
Knapp, Baker, Botts, Shepherd & Coates,
John F. Heard, Houston, for appellees.

COLEMAN, Justice.

This is an appeal from an order denying
a "Motion to Correct the Record." It is
appellants' position that this cause was in-
cluded in a judgment dismissing a number
of cases by reason of clerical error. Appel-
lees contend that if the cause was included
in the judgment in error, it was a judicial
error and was subject to correction only by
bill of review.

This case, along with a large number of
other cases pending on the docket of the
127th District Court, was set for trial on a
specified date. The lawyers in all the cases
were notified that on the date specified the
cases would be dismissed for want of prose-
cution unless there was an announcement of
ready for trial.

At the proper time the attorney for ap-
pellant was present for the call of the docket
prepared to announce ready for trial. The
judge of the 127th District Court then an-
nounced to the lawyers assembled that if
any of them wished a case retained on the
docket, the clerk was authorized to strike
it from the dismissal docket on request.
The attorney testified that he requested of
the clerk that this case and one other be
removed from the dismissal docket. The
testimony shows that cases were removed
from the docket by drawing a line through
the style of the case on the docket and that
this was done by the clerk at the time the
request was made.

The attorney testified that he thought he saw the clerk strike both of his cases from the docket. This case appeared on the non-jury dismissal docket and was struck from that docket. It was also written in on the jury docket and was not struck from it. The clerk testified that a jury fee was paid in the case after the dismissal dockets were prepared and that he struck the case from the non-jury docket and entered it on the jury docket soon after the jury fee was paid, which was several weeks prior to the date set for announcements.

Whether by reason of mistake of the clerk in failing to strike this case from the list to be dismissed, or by reason of mistake on part of the attorney in failing to request its removal, the case remained on the dismissal docket. The clerk prepared a judgment dismissing all cases remaining on the dockets and presented the judgment to the judge, who signed it, and had the judgment entered in the minutes. None of the lawyers appearing in this case knew that it had been dismissed until some months after the judgment became final.

The trial judge made the following statement for the record:

"I intended to dismiss every case on both dismissal dockets that I had not struck by order to my Clerk or where the lawyers had not given the number and the style of the case on the dismissal docket on the morning of April 5th to my Clerk. It was my intention to dismiss every case on that list at the time I signed this order, presuming and assuming that every case that should have been struck from that docket under my orders had been stricken."

Whether or not the clerk made a mistake in failing to strike this case from the dismissal docket, it was dismissed by the judgment rendered by the court. While it appears that the trial court would not have dismissed the case had he known that its removal from the dismissal docket had been requested, he did not know this. The judgment entered in the minutes of the court was the judgment rendered. While one might consider that the judgment of dismissal as to this cause was rendered by mistake, it cannot be said that the dismissal of this cause was a clerical error. A judgment rendered by reason of fraud, accident, or mistake can be corrected after it becomes final only by bill of review. Knox v. Long, 152 Tex. 291, 257 S.W.2d 289 (1953); Love v. State Bank & Trust Co. of San Antonio, 126 Tex. 591, 90 S.W.2d 819 (Tex.Com.App. 1936, opinion adopted); Eskridge & Williams v. Merchants State Bank & Trust Co., 1773 S.W.2d 518 (Tex.Civ.App.,—San Antonio 1943, writ ref.).

The announcement by the court that cases would be removed from the dismissal docket on request does not amount to the rendition of a judgment from the bench that any specific case would or would not be dismissed. It was a statement of intention. The court abandoned his previously announced intention to require announcements of ready in each case. He merely announced that no judgment would be rendered in any case where the interested lawyer requested its removal from the docket.

The Court on its own motion has questioned its jurisdiction of this appeal, and requested that the parties file briefs on this point. In Gordon v. McCall, 56 S.W. 219 (Tex.Civ.App.1900), the Court held that where a judgment was rendered on a jury verdict and proper notice of appeal was not given, the appellate court did not have jurisdiction of an attempted appeal from the denial of a motion to correct the judgment so as to make it conform to the verdict. It cannot be ascertained from the report whether the claimed error was in copying the verdict or in ascertaining its legal effect. No answer to the question is found in Wichita Valley Ry. Co. v. Peery, 88 Tex. 378, 31 S.W. 619, though it is posed. See also Garcia v. Jones, 147 S.W.2d 925 (Tex.Civ.App.—El Paso 1940); and Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040.

The holding in Harris v. Stark, 101 Tex. 587, 110 S.W. 737 (1908), indicates that

the decision of the trial court on a motion such as the one involved here is a final judgment on the matter then in controversy and can be reviewed only by appeal. This view is supported by Stauss v. Stauss, 244 S.W.2d 518 (Tex.Civ.App.—San Antonio 1951), where the court entertained, without discussing the question of jurisdiction, an appeal from an order denying a motion to correct an alleged clerical error in a judgment.

Rule 316, Texas Rules of Civil Procedure, authorizes applications for the entry of a judgment nunc pro tunc to correct mistakes in the record of a judgment or decree. As a practical matter a fact finding by the judge is required. The judge should proceed to grant such relief only if the evidence is clear, satisfactory and convincing that a clerical error was made. Stauss v. Stauss, supra. The trial judge's order finally determined the matter at issue. Boggess v. Harris, 90 Tex. 476, 39 S.W. 565 (1897); Willis v. Smith, 90 Tex. 635, 40 S.W. 401 (1897). The order is one from which an appeal may be taken.

The judgment is affirmed.