**Robert C. STUART et al., Appellants,**

v.

**CITY OF HOUSTON, Appellee.**

**No. 11.**

Court of Civil Appeals of Texas.

Houston (14th Dist.).

Oct. 4, 1967.

Rehearing Denied Oct. 25, 1967.

Presley E. Werlein, Jr., Houston, for appellants.

William A. Olson, City Atty., and W. Lawrence Cook, Jr., Senior Asst. City Atty., Houston, for appellee.

JOHNSON, Justice.

This is an appeal from an order of the trial court denying the motion of appellant for judgment nunc pro tunc to reinstate the case on the docket of the trial court that had been dismissed for want of prosecution. The prayer of appellant's amended motion is as follows:

"WHEREFORE, PREMISES CONSIDERED, Plaintiff ROBERT C. STUART, individually in this cause of action, respectfully prays that the above numbered and entitled cause be reinstated on the docket of this Honorable Court nunc pro tunc in order that justice may be done and in order to allow Plaintiffs their day in Court."

Appellant's original petition was filed May 24, 1963, in which he sought to set aside a City of Houston paving lien assessment. This suit, filed in the District Court, was in the nature of an appeal from the action of the City Council levying the assessment as provided in Article 1105b, Vernon's Ann.Texas Revised Statutes.

After the case had been pending for some three years, and after notice to the appellant's counsel of record, the trial court entered its judgment of dismissal for want of prosecution on March 9, 1966. Eleven months subsequent to this action, on February 20, 1967, appellant's "motion to reinstate" was filed. This was amended by a pleading called "amended motion for judgment nunc pro tunc" filed March 6, 1967. The prayer of both the original motion to reinstate and the amended motion for judgment nunc pro tunc was for reinstatement of the case on the docket of the trial court. By written order of March 13, 1967 the trial court denied the motion of the appellant for entry of judgment nunc pro tunc.

Various points of error are assigned by the appellant: that a clerical error had been committed, that there was a variation in the correct spelling of the name of the appellant from the court's order of dismissal, that the suit was dismissed when same had not been set for trial as provided in Rule 330(b) Texas Rules of Civil Procedure, that the dismissal was made without proper notice to the appellant, that the appellant had been betrayed by his attorney who had received notice, and that the dismissal had been made while the appellant was representing himself and was negotiating settlement of the case. It is clear, however, from the prayer in appellant's motions that the sole purpose was the reinstatement of the case as a pending suit on the docket of the court.

■ Appellee's position is that the trial court had no jurisdiction to grant the original or the amended motion and properly overruled it, since neither motion was filed or acted upon within the 30-day period during which the district court had control over its judgments. Rule 329b T.R.C.P. Bill of review, provided for by this rule, was not utilized by appellants. "A judgment rendered by reason of fraud, accident, or mistake can be corrected after it becomes final only by bill of review." Mobley v. Rheem Manufacturing Co., Tex.Civ.App., 410 S.W.2d 320, 321 (error ref., n. r. e.)

■ Appellant has chosen nunc pro tunc proceedings which are permissive, are limited to the correction of clerical rather than judicial errors, and in which the inquiry is what judgment was rendered, not what ought to have been rendered. Coleman v. Zapp, 105 Tex. 491, 151 S.W. 1040. While the trial court has the right at a subsequent term to correct clerical errors or mistakes by nunc pro tunc proceedings to make the court's records speak the truth, it should make no attempt to reopen the issues. Conley v. Conley, (1950) Tex.Civ.App., 229 S.W.2d 926 (dismissed). Relief in such manner should be granted only if the evidence is clear, satisfactory and convincing that a clerical error has been made. Stauss v. Stauss, Tex.Civ. App., 244 S.W.2d 518 (no writ history).

■ In the case at bar the original motion and amended motion of nunc pro tunc request reinstatement of the action which is clearly in the nature of a motion for new trial. Justice Pope, as associate justice of the San Antonio Court of Civil Appeals, succinctly stated:

"A motion to reinstate is in the nature of a motion for a new trial. Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819. When one files a motion for new trial after ten days have expired, it does not operate to extend the court's jurisdiction over the judgment for a period of more than thirty days from the date of the rendition of judgment. Rule 329b, § 5, Texas Rules of Civil Procedure; Cathcart v. Childers, Tex.Civ.App., 296 S.W.2d 340. Hence, the order of reinstatement on May 13 was made after the

court had lost jurisdiction. It had no power to render a 'take nothing' judgment. Since there was no timely appeal from the final order of dismissal on April 11, 1960, this Court has no jurisdiction." Drawe v. McGuffen (1961) Tex.Civ.App., 355 S.W.2d 738 (no writ history).

Final judgment had undoubtedly been entered by the trial court. Mobley v. Rheem Manufacturing Co., supra.

We hold that the trial court had lost jurisdiction to accomplish reinstatement and correctly denied the motion.

The appeal is dismissed.