John F. WILSON, Appellant,

v.

Alice P. WILSON, Appellee.

No. 16289.

Court of Civil Appeals of Texas,
Houston (1st Dist.).

March 21, 1974.

Herbert L. Coffman, Houston, for appellant.

Mullins & Box, James T. Mullins, Houston, for appellee.

COLEMAN, Chief Justice.

This is a suit for the partition of military retirement pay, which was not mentioned in the judgment rendered in a previous divorce action. The case was tried to the court without a jury, and judgment was entered partitioning the military retirement benefits.

Appellant, the defendant in the trial court, contended that the judgment dividing the community property in the divorce action was entered on an agreement of the parties, although no such recitation appears in the judgment. The judgment contains a finding that the parties accumulated certain named community assets. These assets were divided between the parties. The

military retirement benefits were not listed as community property, nor awarded as separate property. Appellant contends that the parties and their attorneys knew that the military retirement benefits constituted community property, and that the other community property was divided unequally based on an agreement that the defendant would continue to receive all of these benefits. The defendant plead that the plaintiff was estopped to assert title to such retirement benefits.

The retirement benefits in question accrued during marriage and constituted community property. On dissolution of the marriage by divorce the parties to this suit became tenants in common or joint owners thereof since the divorce decree failed to provide for a division of the property. The judgment in the divorce action did not preclude the plaintiff from seeking a partition in this action. Busby v. Busby, 457 S.W.2d 551 (Tex.1970); Kirberg v. Worrell, 44 S.W.2d 940 (Tex. Comm'n App. 1932, holdings approved).

In *Busby,* supra, the defendant joined the Air Force on September 14, 1942, and married the plaintiff on March 1, 1946. The trial court denied the wife's petition for partition of the military retirement benefits, which were not mentioned in or divided by the divorce decree. The Court of Civil Appeals reversed the judgment of the trial court and rendered judgment that the wife receive ½ of these benefits. The husband, appellee, raised by cross points the contention that these benefits were not community property because the property right had its inception prior to the marriage and that the wife had shown no satisfactory method of determining the extent of her interest in the retirement benefits. These cross points were overruled. The Supreme Court affirmed the judgment of the Court of Civil Appeals, stating that, since the benefits accrued during marriage, the benefits received by the husband constitute community property. Justice Walker, in a dissent, construed the opinion of the court to hold that "title" to benefits

payable in the future "vests" or has its inception when the serviceman becomes eligible for retirement. It would appear, therefore, that the defendant in this action cannot complain of the action of the trial court in awarding the plaintiff 39.3% of the retirement benefits. However, we do not know whether a point was before the Supreme Court in *Busby* asserting error on the part of the Court of Civil Appeals in awarding ½ of the benefits instead of a lesser percentage based on a ratio of the months of service to months of marriage. This point is not raised by Mrs. Wilson. Appellant asserts that the percentage is incorrect because there was evidence that the parties did not reside in a community property state during several years of their marriage, and that his earnings during those years were his separate property. See Gaulding v. Gaulding, 503 S.W.2d 617 (Tex.Civ.App.—Eastland 1973). The trial court was not requested to take judicial notice of the laws of the various states in which the parties resided, nor were the laws of those states introduced into evidence. It must be presumed that the laws of those states are the same as the law of Texas. Lodge v. Lodge, 368 S.W.2d 40 (Tex.Civ.App.—Austin 1963).

The divorce decree was approved as to both form and substance by Mr. Wilson and Mrs. Wilson. Testimony was introduced without objection establishing that the property division was made on agreement of the parties. The court's docket shows that the property was portioned "as per stipulation to court reporter." This stipulation was not produced at the trial.

■ The lawyer who represented Mrs. Wilson in the divorce action testified that he considered the retirement benefits as community property subject to division; that this property right was the central issue in his discussions of the property settlement with Mr. Wilson's attorney and was the "wedge" which he used to make what he considered a satisfactory property settlement. He testified that all of the parties and the attorneys orally agreed as a part of the property settlement that Mr. Wilson would retain the retirement benefits. Mr. Wilson and his attorney testified to the same effect. Mrs. Wilson testified that while she knew that Mr. Wilson was drawing retirement pay from the United States Government, she did not know that it was community property. She had many discussions with her lawyer about a property settlement, but the retirement pay was not mentioned in any of these discussions. Her testimony as to her knowledge of the community nature of the retirement benefits was contradicted by testimony given by Mr. Wilson. In her petition for divorce Mrs. Wilson listed certain community property. Mr. Wilson filed a sworn inventory. Neither party listed the military retirement benefits as community property. In his pleading the defendant alleged that the disposition of the retirement benefits was omitted from the judgment by clerical error, and sought a judgment nunc pro tunc. This relief was denied by the trial court. There is no evidence to support this allegation. The testimony of the attorneys is to the effect that they did not consider it necessary to include the disposition of the retirement benefits in the decree since they were being paid directly to Mr. Wilson. The trial court did not err in refusing to enter a judgment nunc pro tunc. If appellant is entitled to any relief from the provisions of the divorce decree on the ground of mistake of law or fact, the proper procedure would be by way of Bill of Review. Pollard v. Steffens, 161 Tex. 594, 343 S.W.2d 234 (1961); Universal Underwriters Ins. Co. v. Ferguson, 471 S.W.2d 28 (Tex.1971); Lone Star Cement Corp. v. Fair, 467 S.W.2d 402 (Tex.1971); Brodhead v. Brodhead, 238 S.W.2d 832 (Tex.Civ.App.—Ft. Worth 1951).

■ There was testimony that the trial judge in the divorce action was advised that the retirement pay was to be included in the division of property; this issue was impliedly found against Mr. Wilson, and there is evidence to support the negative finding. The judgment rendered by the

court in the divorce proceeding must be accepted as a judgment rendered in conformity with the agreement presented to him.

■ Appellant's point of error number eleven reads: "Not only the greater weight and preponderance of the evidence, but also nearly all of the credible evidence, in fact, sustains the position and pleading of the defendant." This point of error cannot be made more specific by reference to Paragraph XX of his Amended Motion for New Trial, to which reference is made. The statement and argument under the point in appellant's brief indicates that he is asserting that an implied finding of the trial court that there was no agreement between the parties to allocate the military retirement benefits to Mr. Wilson as part of the property settlement reached by the parties is contrary to the great weight and preponderance of the evidence.

The case was tried to the court without a jury. No findings of fact or conclusions of law were requested or filed. The alleged oral contract to award the retirement benefits to appellant is plead as a defense to the action for partition. There is no cross-action in the nature of a bill of review. The evidence does not establish whether the attorneys were agreeing on a present contract for division of the community property, or merely on a stipulation or recommendation for the benefit of the court in making a division of the property. There is evidence that instead of dictating the settlement to a court reporter it was decided to incorporate it in a proposed judgment to be presented to the court. Such a judgment was presented to the court approved by the parties and their attorneys, and it was entered as the judgment of the court. The trial court was entitled to believe the testimony of Mrs. Wilson, which is supported by the fact that the military retirement benefits were not listed in the pleadings, sworn inventory and judgment. The trial judge presiding at this trial also tried the divorce case. There was no testimony relative to the authority of Mrs. Wilson's lawyer to make a contract on her behalf. The fact that the decree was approved by the parties as well as the lawyers might indicate an understanding that any agreement reached by the lawyers would be subject to the approval of their clients. It may well be that the agreement testified to by the lawyers was conditioned on approval by the trial court. The trial court has impliedly found that it was not approved by him.

The great weight point cannot be considered as attacking all findings necessary to support the implied finding that appellant failed to prove his defensive plea of estoppel. This was not mentioned in the argument under the point. The point is too general to require consideration except insofar as it is made specific by the statement and argument under the point in the brief. Golden State Mutual Life Insurance Co. v. White, 374 S.W.2d 901 (Tex.Civ. App.—Dallas 1964, writ ref., n. r. e.); Muncy v. General Motors Corp., 357 S.W. 2d 430 (Tex.Civ.App.—Dallas 1962); Patterson v. East Texas Motor Freight Lines, 349 S.W.2d 634 (Tex.Civ.App.—Beaumont 1961, writ ref., n. r. e.); Standard National Insurance Co. v. Bayless, 338 S.W.2d 313 (Tex.Civ.App.—Beaumont 1960, writ ref., n. r. e.).

While Point of Error Number Seven is multifarious in that seven distinct alleged errors are presented, each matter has been considered and the court finds no reversible error. All other points of error have been sufficiently discussed and are found to be without merit.

Affirmed.