Grace Carol CONSTANCE, Appellant,

v.

Ray CONSTANCE, Appellee.

No. 12412.

Court of Civil Appeals of Texas, Austin.

May 12, 1976.

Rehearing Denied June 9, 1976.

William Dickson, Dickson & Associates, Houston, for appellant.

Charles E. Blackley, Austin, Bartram, Reagan & Burrus, New Braunfels, for appellee.

PHILLIPS, Chief Justice.

The sole question before this Court is whether reference to the disposition of certain community property in the "opinion" or "findings" portion of a decree of divorce and not contained in the decretal part of the decree is an adjudication of ownership of that property.

Appellant and appellee were married in September, 1952, and lived together as husband and wife until April 6, 1967, when they were divorced. Appellee served in the U. S. Army and completed 20 years' service thus becoming eligible for retirement in February, 1965. He did not actually retire until May 1, 1967, one month after being divorced from appellant.

The divorce decree rendered in April, 1967, introduced into evidence in the case at bar, made certain findings, one of which, was: ". . . And it further appearing to the Court that the Defendant is being retired as a Sergeant from the U. S. Army on a 20 year retirement plan and will receive approximately $220.00 per month as retired pay at this time, and that plaintiff has spent approximately fifteen years of the twenty years upon which the retirement is based as his wife, *and inasmuch as no award is being made to Plaintiff for any portion of the retired pay*, the Court finds that the sum of $200.00 per month for child support is reasonable *and it is accordingly ORDERED by the Court* that the Defendant contribute the sum of $200.00 per month toward the support and maintenance of said minor children . . ." (Emphasis added)

The decree then refers to a voluntary property agreement entered into between the parties, sets out the agreement, then decrees: ". . . it is therefore ORDERED, ADJUDGED, AND DECREED by the Court that the above enumerated property settlement agreement be and is hereby awarded to Plaintiff and Defendant as herein set out."

There is no mention of the retirement benefits in the partition agreement, nor does the decree contain a residuary clause providing for disposition of community property not specifically adjudicated therein.

In October, 1973, appellant brought this suit for a partition of all funds received and to be received by appellee from the United States Army under the retirement benefit plan, maintaining that such benefits, having been vested at the time of divorce in 1967, were community property which, having been left unawarded by the divorce decree, have been held jointly by appellant and appellee as tenants in common.

Appellee answered with a general denial and a plea of *res judicata* asserting that the 1967 divorce decree reciting that "no award is being made to Plaintiff for any portion of the retired pay . . ." constituted a prior adjudication of the matter in controversy. Appellee further pleaded the four-year statute of limitations, stale demand and laches on the part of appellant.

The trial court sustained appellee's plea of *res judicata* and rendered judgment that appellant take nothing. Appellant perfected her appeal to this Court, and here asserts that the trial court erred in sustaining appellee's plea of *res judicata*. We sustain this point.

█ Both parties agree that retirement benefits which have vested during the marriage constitute community property, and that where a divorce decree fails to provide for a division of community property, the husband and wife become tenants in common or joint owners thereof. *Busby v. Busby*, 457 S.W.2d 551 (Tex.1970), *Wilson v. Wilson*, 507 S.W.2d 916 (Tex.Civ.App.1974, no writ).

█ We hold that the portion of the divorce decree stating that "no award is be-

ing made to Plaintiff for any portion of the retired pay . . ." constitutes nothing more than an opinion or finding by the court, and makes no adjudication of the retirement benefits. Consequently, these benefits were not awarded by the 1967 divorce decree and have since and are now held jointly by the appellant and appellee as tenants in common.

■ It seems settled that declarations of the legal effect of facts and rulings are the "heart of the judgment," and that preceding recitations are not a part of the "sentence of the law," but merely show justification for pronouncing the decree. The mere reasons for the determination form no part of the judgment itself, and insofar as the judgment undertakes to recite findings of fact, such findings are not conclusive. 4 McDonald, *Judgments* § 17.-09.3 (1971), 33 Tex.Jur.2d *Judgments* § 35 (1962). The recent cases of *Rausheck v. Empire Life Insurance Co. of America*, 507 S.W.2d 337 (Tex.Civ.App.1974, writ ref'd n. r. e.), *Roberson Farm Equipment Co. v. Hill*, 514 S.W.2d 796 (Tex.Civ.App.1973, writ ref'd n. r. e.), are in accord with these principles.

The 1967 divorce decree is quite specific as to what properties the parties agreed to partition between them and the retirement benefits were not included. The court issued its decree approving of the settlement and specifically awarded to each party certain properties. When considered as a whole, the decree simply does not partition, nor purport to partition, anything except the property particularly awarded to each of the parties in the decretal portion of the judgment. See *Wilson, supra; Kirberg v. Worrell*, 44 S.W.2d 940 (Tex.Comm'n App. 1932, holding approved); *Whetstone v. Coffey*, 48 Tex. 269 (1877); *Dessommes v. Dessommes*, 505 S.W.2d 673 (Tex.Civ.App.1973, writ ref'd n.r.e.).

■ With respect to the question of limitations, *Dessommes, supra*, holds that as the right to partition is a continuous one, there is no statute of limitations applicable and such an action may be brought at anytime.

The judgment of the trial court is reversed and the cause remanded for proceedings consistent with this opinion.

Reversed and Remanded.

O'QUINN, Justice (concurring).

My concurrence is limited to agreement that the trial court erred in sustaining the plea of *res judicata* and that the cause should be remanded for further proceedings.

In view of this Court's holding in the recent case of *Cearley v. Cearley*, Tex.Civ. App. 536 S.W.2d 96 (1976) that military retirement benefits are not acquired by the serviceman merely by reason of the passage of the minimum twenty years of service, it appears possible in this case that the prospective retirement benefits of the appellee did not constitute any part of the community property at the time of the divorce decree.

In *Cearley* we said that retirement pay is not *acquired*, within the meaning of Article 5.01, Texas Family Code, "until the minimum service has been completed and all events fixing government liability have occurred in compliance with" the federal statutes to establish a "claim of money presently due." Until the serviceman makes an election to retire, after completing the minimum years of service, and obtains administrative credit for satisfactory years of service, no pay or benefits can be acquired by him.

Upon further proceedings below, the court and the parties should not proceed on an assumption, without proof clearly establishing a completed claim for retired pay, that appellee's prospective retirement pay had been *acquired* by him during the marriage so as to become a part of the community estate.

SHANNON, J., joins in this concurring opinion.