Raymond M. GRAY, Appellant,

v.

John P. TURNER, Appellee.

No. 07–89–0352–CV.

Court of Appeals of Texas, Amarillo.

March 14, 1991.

Rehearing Overruled April 17, 1991.

W. Briscoe Swan, Houston, for appellant.

Garner Stone & Lovell, John H. Lovell, Amarillo, for appellee.

Before DODSON, BOYD and POFF, JJ.

POFF, Justice.

Appellant, Raymond M. Gray (Gray), seeks review of the Trial Court's order correcting the final judgment which was entered pursuant to appellee's, John P. Turner (Turner), motion to correct. After a hearing was held and testimony heard, the Trial Court found that the judgment entered in the cause deviated from the judgment rendered due to a clerical error. In one (1) point of error, Gray argues that the district court erred in modifying a final judgment nearly three (3) years after it was entered because the error in judgment,

if any, was judicial. Finding no error, we affirm.

Turner sold some shares of stock to Gray and Lewis M. Eslick (Eslick) in exchange for a $2,000,000.00 promissory note. Turner also obtained a letter of credit for $2,500,000.00 from Irving Savings Association (Irving) as security for the transaction. After Gray and Eslick defaulted on the note, Irving dishonored Turner's demand for payment on the letter of credit. Consequently, in Cause No. 65,613, Turner sued Gray, Eslick and Irving. [For clarity, Cause No. 65,613 will be styled the Irving case.]

During the pendency of the lawsuit, Turner filed a motion for sanctions against Gray for abuse of discovery which the Trial Court granted. On July 23, 1986, the Trial Court found that Gray failed to appear for depositions, failed to produce documents and failed to respond to Turner's request for admissions. Therefore, the court struck Gray's pleadings, ordered all allegations against Gray to be deemed admitted, and denied Gray the right to participate in the trial. On the same day, the Trial Court granted Turner's motion for summary judgment against Gray ruling that Turner was entitled to judgment as a matter of law. Turner moved for severance, which the Trial Court denied.

In August, 1986, a bench trial was held in the Irving case on the remaining causes of action.[1] The court took the evidence and arguments of counsel under advisement pending a later ruling. On October 24, 1986, the court granted Turner's second motion for severance regarding the summary judgment obtained against Gray. The severed action was given Cause No. 67,906, and it was ordered that separate judgments be entered in each cause. [For clarity, Cause No. 67,906 will be styled the Gray case.] On the same day, final judgment was entered in the Gray case. The Gray judgment states that Turner was entitled to $1,908,077.02 in damages, $157,-000.00 in attorneys' fees, and $558,718.38 in

prejudgment interest dated until September 22, 1986—totalling $2,623,795.40, plus costs. The Trial Court further ruled that the judgment would bear postjudgment interest from September 22, 1986. Other than this date, no other evidence points to the date on which judgment was rendered.

Within the text of the Gray final judgment, the court ruled:

... On October 24, 1986, the cause of action of Plaintiff, JOHN P. TURNER, against Defendant, RAYMOND M. GRAY, was severed from [the Irving case], and made the subject of a new proceeding in this cause. Any monies received by the Plaintiff in satisfaction of the Judgment in [the Gray case] shall be credited both to the Judgment in [the Gray case] and the Judgment entered in [the Irving case], in the 108th District Court of Potter County, Texas, against Defendants, IRVING SAVINGS ASSOCIATION and LEWIS M. ESLICK. Any monies received by the Plaintiff in satisfaction of the Judgment in [the Irving case], in the 108th District Court of Potter County, Texas, shall be the Judgment in [the Gray case] and the Judgment entered in [the Irving case].

On November 20, 1986, the court rendered and entered judgment in the Irving case, awarding Turner $2,537,915.81, over and against Irving plus postjudgment interest. From Eslick, Turner recovered $2,625,058.49, plus postjudgment interest and costs. Additionally, the judgment gave Irving recovery against Gray and Eslick up to the amount which Turner might recover from Irving, plus interest, attorneys' fees and costs. The court continued by stating:

... On October 24, 1986, the cause of action of Plaintiff John P. Turner against Defendant Raymond M. Gray was severed from this cause, [the Irving case], and made the subject of a new proceeding, [the Gray case], styled *John P. Turner v. Raymond M. Gray* in the 108th Judicial District Court of Potter

---

1. Turner prosecuted claims against both Eslick and Irving while Irving asserted cross-claims against Gray and Eslick.

County, Texas. Any recovery by the Plaintiff in [the Irving case] shall be credited both to this judgment and the judgment entered in [the Gray case]. Any recovery by the Plaintiff in [the Gray case], in the 108th District Court of Potter County, Texas, styled *John P. Turner v. Raymond M. Gray*, shall be credited both to this judgment and the judgment entered in [the Gray case].

On December 22, 1986, findings of fact and conclusions of law were filed by the Trial Court in the Irving case. The necessary implications of the findings of fact and conclusions of law are that Gray, Eslick and Irving were each joint and severally liable to Turner.

On March 17, 1987, an amended judgment was entered in the Irving case, which deleted the portion of the prior judgment in the cause regarding the amount owed by Irving to Turner. Substituted in place of the deletion was a paragraph explaining that Irving had settled with Turner for $900,000.00. Likewise, the portion of the prior judgment indicating Irving's entitled recovery against Gray and Eslick was appropriately amended. Also, Turner's recovery against Eslick was credited with $900,000.00. Again, the judgment contained the following cross-crediting clause:

> ... On October 24, 1986 [sic] the cause of action of Plaintiff John P. Turner against Defendant Raymond M. Gray was severed from [the Irving case], and made the subject of a new proceeding, [the Gray case], styled *John P. Turner v. Raymond M. Gray* in the 108th Judicial District Court of Potter County, Texas. Any recovery by the Plaintiff in [the Irving case] shall be credited to Lewis M. Eslick in this Judgment and to Raymond M. Gray in the Judgment entered in [the Gray case]. Any recovery by the plaintiff in [the Gray case], in the 108th District Court of Potter County, Texas, styled *John P. Turner v. Raymond M. Gray,* shall be credited to Lewis M. Eslick in this Judgment and to Raymond M. Gray in the judgment entered in [the Gray case].

Next, Turner filed a motion for correction of judgment in the Gray case on January 10, 1989. The motion indicated that due to a clerical error, two (2) words were left out of the final judgment entered in that cause on October 24, 1986. Turner sought to insert the words, "credited against," in the cross-crediting clause so that the final judgment would read:

> Any monies received by the Plaintiff in satisfaction of the Judgment in [the Irving case], in the 108th District Court of Potter County, Texas, shall be *credited against* the Judgment in [the Gray case] and the Judgment entered in [the Irving case].

Instead of:

> Any monies received by the Plaintiff in satisfaction of the Judgment in [the Irving case], in the 108th District Court of Potter County, Texas, shall be the Judgment in [the Gray case] and the Judgment entered in [the Irving case].

Upon hearing the motion to correct judgment, the Trial Court received evidence from the judge who heard the case at trial, Turner, and his attorney. Also received into evidence were orders and judgments of the court, the judge's docket sheets, the findings of fact and conclusions of law, and the order of dismissal from the bankruptcy court. We find all of these to have been properly considered by the court. *Pruet v. Coastal States Trading, Inc.,* 715 S.W.2d 702, 705 (Tex.App.—Houston [1st Dist.] 1986, *no writ*).

The judge testified that he originally refused to sever the summary judgment against Gray and the remaining causes of action because of the complications concerning the cross-crediting. However, he agreed to sever the summary judgment after the trial of the remaining causes of action because each party's position in regard to the cross-crediting had been determined. Continuing, the judge iterated that the deletion of two (2) words from the document "kept the judgment from being what I intended." In response to further cross examination by appellant, the judge testified that while he read the judgment prior to signing it, he failed to "catch the

omission." Later, the judge stated that the words "credited to" needed to be added, as proposed to the judgment in the Gray case in order "to make it consistent with everything we had done," and that such an addition would not change his ruling in the case.

Appellant objected to the Trial Court's consideration of any of the documents relating to the Irving case arguing that they were irrelevant to the Gray case. In support of his argument, appellant relates that nothing within the file of the Gray case evidences the judge's intended judgment in that cause. It is obvious that liability on the entire case, which resulted in two (2) separate final judgments, revolves around the cross-crediting language that appears in all of the judgments. The cross-crediting clauses in each of the judgments state that any recovery is to apply to the judgments in "both" causes. Since the judgments in each cause incorporate the other, we find that the instant controversy need not be considered in a vacuum as appellant suggests.

██ Appellant objected that the judge's personal recollection that the judgment as entered failed to accurately record the judgment as rendered, was not competent evidence and violated the best evidence rule. Appellant argued that there must be something in writing in the record before the judge is allowed to contradict the recorded and entered judgment. Regardless of the presence or absence of other written evidence, a judge's recollection is competent evidence to support the entry of a corrected judgment. *Fort Worth & D.C. Ry. Co. v. Roberts*, 98 Tex. 42, 45, 81 S.W. 25, 26–27 (1904); *Pruet, supra. See also*, Reavley and Orr, *Trial Court's Power to Amend Its Judgments*, 25 Baylor L.Rev. 191, 201 n. 64 (1973).

██ Once a judgment becomes final, the Trial Court's power to alter the judgment is limited to correcting errors made upon the entry of a judgment previously rendered. *Escobar v. Escobar*, 711 S.W.2d 230, 231–32 (Tex.1986), *on remand*, 728 S.W.2d 474; *Comet Aluminum Co. v. Dibrell*, 450 S.W.2d 56, 58 (Tex.1970). The key word in the rule is "entry" because the entry of a judgment is a purely ministerial act in an effort to record and preserve the judgment. *Coleman v. Zapp*, 105 Tex. 491, 151 S.W. 1040, 1041 (1912); *Skidmore v. Glenn*, 781 S.W.2d 672, 673 (Tex.App.— Dallas 1989, *no writ*). Therefore, an error in the entry of a judgment is merely clerical. Conversely, if the Trial Court errs in rendering judgment, the mistake is one of judicial character which the court may correct only if jurisdiction remains. *Comet, supra.*

██ The first question to be answered is one of fact. The Trial Court must first determine whether judgment was rendered prior to signing and entering the document which contains the allegedly erroneous language. *Escobar, supra* at 232. If the court answers this question in the affirmative, it must then determine the true contents of the judgment actually rendered.[2] *Id.* Our review of the Trial Court's decision is limited to determining the legal and factual sufficiency of the evidence, and we may not substitute our own judgment for that of the Trial Court.

██ While it is true that the court's docket sheet for the Gray case does not reflect what judgment was intended,[3] we find that there is some evidence to support the Trial Court's factual determination that the judgment rendered was not accurately recorded.[4] As to factual sufficiency, we must decide whether Turner met his burden to show by clear and convincing evidence that the court's records do not speak

---

2. If the court answers in the negative, the error complained of would necessarily, by definition, be judicial. Such error is correctable only through appeal, writ of error or bill of review. *Comet, supra.*

3. The docket sheet only states that final judgment was filed and entered on October 24, 1986.

4. Thus, the court's ruling passes a no evidence test. *Glover v. Texas Gen. Indem. Co.*, 619 S.W.2d 400, 401 (Tex.1981); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex.1965).

the truth. *Pruet, supra; Stuart v. City of Houston,* 419 S.W.2d 702, 703 (Tex.Civ. App.—Houston [14th Dist.] 1967, *writ ref'd n.r.e.*). We find that the evidence satisfactorily establishes that the judgment as entered does not clearly reflect the judgment as rendered. Therefore, the Trial Court's factual determination must stand.

Once we find that the Trial Court properly made this determination, we must decide, as a matter of law, whether the error in judgment was judicial or clerical. *Escobar, supra.* In doing so, we must look only to the judgment that was actually rendered. *Coleman, supra.* In the instant case, the rendered and intended judgment over the entire proceeding was that Gray, Eslick and Irving were each joint and severally liable, and due to the severance of Gray from the main cause, each separate judgment required the cross-crediting language. The change required to correct the error in Gray's judgment does not require judicial reasoning or determination. *Andrews v. Koch,* 702 S.W.2d 584, 585 (Tex. 1986).

Gray argues that since Turner drew the Irving judgment and since the choice of language was Turner's, Turner is precluded from contending the error was clerical. Therefore, the argument continues the error is judicial. In support of this contention, appellant cites *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973), and *Seago v. Bell,* 764 S.W.2d 362 (Tex.App.—Beaumont 1989, *no writ*). We find these cases distinguishable from the instant inquiry.

In *Dikeman,* our Supreme Court found the proceeding clearly purported "to readjudicate or rewrite and change the decretal portion of the judgment as rendered." *Dikeman, supra* at 186. In our case, the judgment as rendered was not readjudicated, rewritten or changed. Likewise, in *Seago,* the court stated that the Trial Court "clearly relied upon the incorrect survey in reaching its decision." *Seago, supra* at 364. In our case, it is obvious that the Trial Court relied upon Turner's attorney only to properly record the decision which it had previously reached. The judgment while drawn by Turner was the Court's

judgment. Even though inartfully drawn, nothing in the erroneously drafted judgment required additional judicial reasoning or determination by the trial judge when it was brought before him for his signature. Thus, "the signed judgment inaccurately reflects the true decision of the court," and the error was properly corrected. *Andrews, supra* at 586. Accordingly, we affirm the judgment of the Trial Court.

■ Gray further argues that no evidence exists to show that the judgment was rendered before the October 24th entry date. We disagree. We find that the Trial Court's designation of September 22nd as the date upon which prejudgment interest ended and from which postjudgment interest would run to be evidence of the court's prior rendition of judgment. Gray's first point of error is overruled.

We now consider Turner's motion for damages pursuant to Tex.R.App.P. 84, Tex. R.Civ.P. 13, and Tex.Civ.Prac. & Rem.Code Ann. §§ 9.011–9.012 (Vernon Supp.1991). Turner contends the appeal was groundless, brought in bad faith for delay and without sufficient cause. In support of his motion, Turner asserts that Gray submitted no evidence as to a lack of error in the judgment and that the facts were undisputed. Turner fails to recognize that Gray had no burden to establish the lack of error. Since the erroneous judgment was the first document to mention the cross-crediting language and no other memorandum of the court evidenced the true judgment of the court in the Gray case, we find that appeal of the Trial Court's disputed factual determination was also warranted. Turner argues that Gray's counsel has failed to recognize the undisputed state of the law, but we do not agree. Counsel for appellant has only challenged the application of the instant facts to that law.

■ We are required to view the record from the advocate's point of view to determine whether arguable grounds existed to support a reasonable belief that the case should be reversed. *Ambrose v. Mack,* 800 S.W.2d 380, 383 (Tex.App.—Corpus Christi 1990, *no writ*). Turner's counsel admits that responsibility for the error in judg-

ment rests on his shoulders, and it was this error which gave rise to Turner's need to correct the judgment. Additionally, Turner aptly asserts that under different circumstances any sort of error can become either judicial or clerical. Therefore, determination of validity of the instant appeal rests upon a correct application of the facts to the law. Since the possibility of obtaining a favorable result was not so improbable as to defy Gray's reasonable belief of success, we cannot say that this appeal was brought without sufficient cause and solely for delay. *Id.* In so ruling, we do not purport to answer Turner's allegations of harassment and delay pertaining to Gray's past history or the recent bankruptcy filing which was dismissed for lack of prosecution. These questions would be more appropriately answered by the Trial Court where facts necessary for such a determination could be fully developed. Thus, we overrule Turner's motion.

In summation, the Trial Court was within its authority to correct the clerical error in the judgment in the Gray case, and we overrule his point of error. Without regard to the issues of delay based upon proceedings other than the instant appeal, we also deny Turner's request for damages and attorneys' fees.