BRIAN MILLSAP V. SHOW TRUCKS USA, INC.



NO. 07-02-0464-CR





IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



MARCH 10, 2003


______________________________



PATRICIA LYNN KYLES,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE CRIMINAL DISTRICT COURT OF JEFFERSON COUNTY;



NO. 86473; HON. CHARLES D. CARVER, PRESIDING


_______________________________



Before QUINN and CAMPBELL, JJ. and BOYD, S.J. (1)

 Patricia Lynn Kyles (appellant) appeals her conviction for misdemeanor theft. The
clerk's record was filed on October 15, 2002. The reporter's record was filed on December
12, 2002. Thus, appellant's brief was due on January 13, 2003. However, one was not
filed on that date. By letter dated January 21, 2003, we notified appellant's counsel,
Norman Desmarais, of the expired deadline and directed him to respond to our notification
of same by Friday, January 31, 2003, or the appeal would be abated to the trial court
pursuant to Tex. R. App. P. 38.8. January 31, 2003, passed without appellant submitting
any response to our notice. 

 Consequently, we abated this appeal and remanded the cause to the Criminal
District Court of Jefferson County (trial court) and directed that it conduct a hearing to
assess, among other things, whether the appellant desired to prosecute the appeal. At
that hearing, appellant informed the trial court that she no longer did. Furthermore,
appellant's representations were contained in a supplemental clerk's record which was filed
on March 5, 2003.

 Although we have no motion to dismiss before us as required by Texas Rule of
Appellate Procedure 42.2(a), Rule 2 of the same rules permits us to suspend the operation
of an existing rule. Tex. R. App. P. 2; see Rodriguez v. State, 970 S.W.2d 133, 135 (Tex.
App.--Amarillo 1998, pet. ref'd). Therefore, pursuant to Rule 2, and because appellant
has clearly revealed her desire to forego appeal, we suspend Rule 42.2(a) and dismiss the
appeal based upon appellant's representation to the trial court.

 Having so dismissed the appeal, no motion for rehearing will be entertained, and our
mandate will issue forthwith. 


 Brian Quinn

 Justice

 

Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 



ze: 10pt"> nunc pro
tunc on April 12, 2004. Because the issues involving the July 11th judgment were
susceptible to appeal immediately after execution of that decree but were not raised until
the trial court granted the nunc pro tunc judgment, we cannot entertain them. Tex. R. Civ.
P. 329b(h); Daniels v. Commission for Lawyer Discipline, 142 S.W.3d 565, 569 n.3 (Tex.
App.-Texarkana 2004, no pet.). 

 Validity of Nunc Pro Tunc Order

 As to the issues concerning the validity of the "Order Granting Judgment Nunc Pro
Tunc," we note that once a trial court's plenary power over a judgment expires, it generally
cannot modify the decree except through a bill of review. Barton v. Gillespie, 178 S.W.3d
121, 126 (Tex. App.--Houston [1st] 2005, no pet.). However, an exception to the rule
applies when the modification is undertaken to rectify a clerical mistake. Colorado
Interstate Gas Corp. v. Hunt Energy Corp., 47 S.W.3d 1, 16 (Tex. App.-Amarillo 2000, pet.
denied); Ferguson v. Naylor, 860 S.W.2d 123, 126 (Tex. App.-Amarillo 1993, writ denied). 
Furthermore, a change is of that ilk when made to accurately reflect the true decision
previously made by the court. Andrews v. Koch, 702 S.W.2d 584, 586 (Tex. 1986);
Ferguson v. Naylor, 860 S.W.2d at 126. In other words, it is one undertaken to assure that
the physical judgment signed by the court comports with the decision actually rendered. 
Gray v. Turner, 807 S.W.2d 818, 822 (Tex. App.-Amarillo 1991, no writ).

 Here, according to Taylor, the trial court's effort to order conveyance of the center
pivot sprinkler system and other personalty as part of the sale between Taylor and
Swinburn was more than mere effort to have the physical judgment accurately reflect the
true decision previously rendered. Rather, the trial court intended to order the conveyance
of merely the realty itself via the July 11th decree, Taylor continued. Yet, the record belies
this contention. For instance, at the hearing on Swinburn's motion to correct the decree,
the trial judge stated that "it was the intent of the Court that the center pivot sprinkler
system be a part of the specific performance that was [previously] ordered." See Gray v.
Turner, 807 S.W.2d at 822 (stating that a judge's recollection is competent evidence to
support the entry of a corrected judgment). So too did it specify in its findings of fact and
conclusions of law (issued in support of the July 11th decree and long before Swinburn
moved to change it) that Taylor was "obligated to execute and deliver to Swinburn a bill of
sale conveying all personal property described in the Contract as it applies to Tracts 1 and
2." Furthermore, the contract at issue described the property being sold not only as the
realty comprising tracts 1 and 2 (as well as a third tract) but also "all improvements thereon,
including without limitation by enumeration, one field residence, four irrigation wells,
complete with pumps, gearheads, cooling jackets, and drive lines, [sic] one-half mile center
pivot sprinkler system complete. . . ." Finally, that the pivot system was physically located
on at least one of the two tracts the court ordered Taylor to convey is beyond dispute. 
Given the latter, the words of the contract, the recollection of the trial judge, and the
statements included in the aforementioned findings of fact and conclusions of law, there
is more than ample evidence to support the conclusion that the actual judgment rendered
included the conveyance to Taylor of the realty as well as the center pivot sprinkler system
and other property in dispute. So, the "Order Granting Judgment Nunc Pro Tunc" was
simply a modification undertaken to assure that the physical judgment comported with the
judgment actually rendered.

 Consequently, we dismiss that issue attacking the July 11th judgment, overrule the
others, and affirm the order granting judgment nunc pro tunc.


 Brian Quinn 

 Chief Justice 

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon 2005).