NO. 07-04-0277-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MARCH 20, 2006

_____

CLARE CONSTAT, LTD. and STEPHEN YORK TAYLOR,

Appellants

v.

MAX SWINBURN,

Appellee

_____

FROM THE 242ND DISTRICT COURT OF CASTRO COUNTY;

NO. B7857-0202; HON. ED SELF, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., REAVIS, J. and BOYD, S.J.[1]

Appellants, Clare Constat, Ltd. and Stephen York Taylor (collectively referred to as Taylor) appeal from a judgment and an "Order Granting Judgment Nunc Pro Tunc." Through the former, Taylor was ordered to convey realty to Max Swinburn (Swinburn) per a contract executed by those parties. Via the latter, the trial court also ordered Taylor to convey to Swinburn various improvements located on the property. The improvements

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

included a field residence, four irrigation wells with pumps, gearheads, cooling jackets, drivelines, and a half mile center pivot sprinkler system. Taylor asserts, through four issues, that the trial court erred in executing its initial judgment directing that the realty be conveyed and in executing the order granting judgment *nunc pro tunc.* We dismiss that issue contesting the validity of the initial judgment and affirm the order granting judgment *nunc pro tunc.*

*Appeal from the Initial Judgment*

The initial judgment was executed on July 11, 2003. No one moved for a new trial or perfected an appeal within 30 days from that date. Thus, it became final.

Next, the contentions underlying his attack upon the July 11th judgment (*i.e.* whether the trial court had the authority to order conveyance of the realty itself) were fodder for an appeal immediately after the trial court executed the decree. However, they were not made the subject of an appeal until after execution of the order granting judgment *nunc pro tunc* on April 12, 2004. Because the issues involving the July 11th judgment were susceptible to appeal immediately after execution of that decree but were not raised until the trial court granted the *nunc pro tunc* judgment, we cannot entertain them. Tex. R. Civ. P. 329b(h); *Daniels v. Commission for Lawyer Discipline,* 142 S.W.3d 565, 569 n.3 (Tex. App.–Texarkana 2004, no pet.).

*Validity of Nunc Pro Tunc Order*

As to the issues concerning the validity of the "Order Granting Judgment Nunc Pro Tunc," we note that once a trial court's plenary power over a judgment expires, it generally cannot modify the decree except through a bill of review. *Barton v. Gillespie,* 178 S.W.3d

121, 126 (Tex. App.--Houston [1st] 2005, no pet.). However, an exception to the rule applies when the modification is undertaken to rectify a clerical mistake. *Colorado Interstate Gas Corp. v. Hunt Energy Corp.,* 47 S.W.3d 1, 16 (Tex. App.–Amarillo 2000, pet. denied); *Ferguson v. Naylor,* 860 S.W.2d 123, 126 (Tex. App.–Amarillo 1993, writ denied). Furthermore, a change is of that ilk when made to accurately reflect the true decision previously made by the court. *Andrews v. Koch*, 702 S.W.2d 584, 586 (Tex. 1986); *Ferguson v. Naylor,* 860 S.W.2d at 126. In other words, it is one undertaken to assure that the physical judgment signed by the court comports with the decision actually rendered. *Gray v. Turner,* 807 S.W.2d 818, 822 (Tex. App.–Amarillo 1991, no writ).

Here, according to Taylor, the trial court's effort to order conveyance of the center pivot sprinkler system and other personalty as part of the sale between Taylor and Swinburn was more than mere effort to have the physical judgment accurately reflect the true decision previously rendered. Rather, the trial court intended to order the conveyance of merely the realty itself via the July 11th decree, Taylor continued. Yet, the record belies this contention. For instance, at the hearing on Swinburn's motion to correct the decree, the trial judge stated that "it was the intent of the Court that the center pivot sprinkler system be a part of the specific performance that was [previously] ordered." *See Gray v. Turner,* 807 S.W.2d at 822 (stating that a judge's recollection is competent evidence to support the entry of a corrected judgment). So too did it specify in its findings of fact and conclusions of law (issued in support of the July 11th decree and long before Swinburn moved to change it) that Taylor was "obligated to execute and deliver to Swinburn a bill of sale conveying all personal property described in the Contract as it applies to Tracts 1 and

3

2." Furthermore, the contract at issue described the property being sold not only as the realty comprising tracts 1 and 2 (as well as a third tract) but also "all improvements thereon, including without limitation by enumeration, one field residence, four irrigation wells, complete with pumps, gearheads, cooling jackets, and drive lines, [sic] one-half mile center pivot sprinkler system complete. . . ." Finally, that the pivot system was physically located on at least one of the two tracts the court ordered Taylor to convey is beyond dispute. Given the latter, the words of the contract, the recollection of the trial judge, and the statements included in the aforementioned findings of fact and conclusions of law, there is more than ample evidence to support the conclusion that the actual judgment rendered included the conveyance to Taylor of the realty as well as the center pivot sprinkler system and other property in dispute. So, the "Order Granting Judgment Nunc Pro Tunc" was simply a modification undertaken to assure that the physical judgment comported with the judgment actually rendered.

Consequently, we dismiss that issue attacking the July 11th judgment, overrule the others, and affirm the order granting judgment *nunc pro tunc*.


Brian Quinn
Chief Justice


4