Doris Vivien WALLACE et al.,
Appellants,

v.

Gene ROGERS, M. D., Appellee.

No. 18408.

Court of Civil Appeals of Texas,
Dallas.

Nov. 27, 1974.

Rehearing Denied Dec. 19, 1974.

**302**

Henry Stollenwerck, Dallas, for appellants.

James S. Maxwell, Seay, Gwinn, Crawford & Mebus, Dallas, for appellee.

CLAUDE WILLIAMS, Chief Justice.

Doris Vivien Wallace filed her application entitled "Application to Correct Mistake in Judgment and Misrecital in Judgment." She also sought relief by bill of review. The trial court decreed that it lacked jurisdiction to consider either the motion to correct or the bill of review. We affirm.

Appellant Wallace initiated action individually and as next friend of two minor children against Dr. Gene Rogers for alleged medical malpractice which caused the death of her husband. Shortly after the case proceeded to trial in the district court a compromise settlement agreement was reached between the parties and approved by the court. The judgment based upon the agreement was signed and entered by the court on February 21, 1973. The decree recites, in part, the following:

> And it appearing to the Court that upon rendition of the foregoing judgment the Defendant, Gene Rogers, M.D. has duly paid and satisfied same in full by paying said sums into the Registry of the Court, *and has paid the unpaid cost of this suit,* it is, therefore, ORDERED, ADJUDGED, and DECREED by the Court that *no execution issue on this judgment* and that the Defendant, Gene Rogers, M.D., has duly paid said judgment and has discharged same in its entirety, and that he stands fully and finally discharged of and from any and all liability whatsoever to the Plaintiffs, or any of them, upon any demands, claims, or causes of action of any kind or character. (Emphasis added).

On May 18, 1973, nearly three months after final judgment had been rendered Mrs. Wallace filed an application to correct a mistake in the judgment, contending that the judgment was in error in that all the court costs had not been paid. On August 9, 1973 she filed an amended application to correct the mistake in the judgment and, in the alternative, a bill of review. She filed a second suit in the nature of a bill of review on August 15, 1973. Dr. Rogers opposed the motion and the bill of review asserting that if there was any error in the judgment it was a judicial rather than a clerical error and, therefore, the

court had no jurisdiction to correct the judgment more than thirty days after entry.

The parties are in disagreement as to exactly what was agreed upon between them in the preliminary negotiations leading up to the final entry of the agreed judgment. Mrs. Wallace contends that during the settlement negotiations the attorneys agreed that Dr. Rogers was to satisfy the unpaid costs incurred without stipulation of amounts. Dr. Rogers contends that during the settlement negotiations he offered to pay the total sum of $500 for court costs or the unpaid court costs, whichever was less, but that Mrs. Wallace's attorney failed to accept this offer and insisted on the unpaid court costs, indicating that they would be less than $500. In oral argument before this court appellee's attorney conceded that his client would still comply with his offer to pay the total sum of $500 on the unpaid court costs.

As stated, the trial court dismissed the motion to correct the judgment on the grounds that it lacked jurisdiction and also denied Mrs. Wallace's bill of review. In her first point of error Mrs. Wallace contends that the trial court did have jurisdiction to consider the application to correct the mistake in judgment since such a mistake was clerical and not a judicial error.

■ Texas Rules of Civil Procedure, rule 329b provides that the judgment shall become final after the expiration of thirty days after the date of rendition of judgment or order overruling an original or amended motion for new trial. Tex.R. Civ.P. 316 provides that mistakes in the record of any judgment or decree may be amended by the judge in open court so that the same may speak the truth. However, such mistakes referred to in Rule 316 are clerical mistakes and not mistakes of law. Judicial errors may not be so corrected by the trial court after expiration of thirty days. Comet Aluminum Co. v. Dibrell, 450 S.W.2d 56 (Tex.1970); Finlay v. Jones, 435 S.W.2d 136 (Tex.1968).

■ A judicial error is one made by the court in rendering its judgment while a clerical error occurs when the minutes of the court fail to accurately recite the judgment rendered. Love v. State Bank & Trust Co., 126 Tex. 591, 90 S.W.2d 819 (1936).

■ We find, and so hold, that the mistake appearing in the judgment relating to the payment of court costs is a judicial error. The judge signed the decree exactly as written and approved by both parties. It was correctly entered in the minutes of the court. Being a judicial error it could not be corrected following the expiration of thirty days as provided by Rule 329b and the trial court correctly dismissed the motion for want of jurisdiction.

■■ In her second point of error appellant asserts that the trial court erred in denying relief pursuant to the bill of review. It is elementary that in order to invoke a bill of review to set aside a final judgment three requirements must be satisfied: (1) a meritorious cause of action must be alleged to support the motion to reinstate the case; (2) which he was prevented from asserting by fraud, accident, or wrongful act of the opposite party; and (3) unmixed with any fault or negligence on his own part. Gracey v. West, 422 S. W.2d 913, 915 (Tex.1968). The record in this case clearly demonstrates that Mrs. Wallace was not prevented from asserting her meritorious cause of action by fraud, accident, or wrongful act on the part of Dr. Rogers. It cannot be reasonably concluded that Mrs. Wallace's actions were free of any fault or negligence. The facts clearly demonstrate that Mrs. Rogers and her attorney were aware at the time the court entered its judgment that some of the court costs remained unpaid. With this knowledge they failed to take any action to correct the judgment before it became final. Accordingly, the essential elements of a bill of review have not been met.

The judgment of the trial court is affirmed.