**Belton W. SEAGO, et ux, Appellants,**

v.

**Charles S. BELL, et ux, Appellees.**

**No. 09–88–067–CV.**

Court of Appeals of Texas, Beaumont.

Jan. 12, 1989.

Charles Sexton, Orange, for appellants.

Steve Carlton, Orange, for appellees.

## OPINION

DIES, Chief Justice.

This is an appeal from the entry of a judgment nunc pro tunc in a trespass to try title suit filed by Mr. and Mrs. Charles Bell against Mr. and Mrs. Belton Seago. The Bells held record title to the property in dispute, and the Seagos claimed title by limitation.

A bench trial was held on January 16, 1987. The trial court found in favor of the Bells. The trial court then relied upon counsel for the Bells to draft a judgment containing a correct description of the prop-erty to be awarded to the Bells. The surveyor hired by the Bells to survey the property to be awarded used the wrong point of beginning, thereby causing the description of the property to be incorrect. The surveyor provided this erroneous property description to either the Bells' attorney or the trial court. The court's judgment, signed on May 26, 1987, relied on this incorrect description of the property awarded to the Bells.

The Bells filed a motion for judgment nunc pro tunc on December 7, 1987, requesting that the property description in the judgment be corrected. At a hearing held on January 21, 1988, it was established that the property description in the judgment was incorrect because the surveyor used the wrong place of beginning. It was also shown that the description of the property in the judgment included property belonging to a person who was not a party to this lawsuit. On January 22, 1988, the trial court signed a judgment nunc pro tunc containing the corrected property description suggested by the surveyor. The description of the property awarded in the judgment nunc pro tunc resulted from a survey beginning from the proper point of beginning, but was otherwise exactly the same as the original description. The new description corrected the error in the original judgment.

The Seagos have perfected this appeal from the judgment nunc pro tunc. By their first point of error, the Seagos argue that the trial court erred in entering the judgment nunc pro tunc because the error in the original judgment, which had become final, was judicial and not clerical. The Bells argue that the error was clerical and, therefore, the trial court did not err in entering the judgment nunc pro tunc.

After the trial court's plenary power over its own judgment terminates and a judgment becomes final, a nunc pro tunc is appropriate only to correct clerical errors. *Comet Aluminum Co. v. Dibrell,* 450 S.W.2d 56, 58 (Tex.1970). Clerical errors are those which do not result from judicial reasoning or determination. *Nolan v. Bettis,* 562 S.W.2d 520, 522 (Tex.Civ.App. —Austin 1978, no writ). A judicial error is one made by the court in rendering judg-

**364**

ment, as opposed to a failure to accurately recite the judgment rendered. *Wallace v. Rogers,* 517 S.W.2d 301 (Tex.Civ.App.— Dallas 1974, writ ref'd n.r.e.). Whether an error is judicial or clerical is a question of law; therefore, the trial court's finding that an error is clerical is not binding upon an appellate court. *Finlay v. Jones,* 435 S.W.2d 136, 138 (Tex.1968).

Where a judgment is prepared by an attorney for the successful party, then signed by the trial court, it becomes the judgment of the court. Recitations or provisions alleged to have been included or omitted by a mistake of the attorney are part of the court's judgment and, therefore, are judicial errors. *Dikeman v. Snell,* 490 S.W.2d 183 (Tex.1973). The trial court clearly relied upon the incorrect survey in reaching its decision as to what property to award the Bells. Therefore, the error was judicial error in the rendering of judgment. Appellants' first point of error is sustained.

We hold that the judgment nunc pro tunc was an attempt to cure a judicial error and was, therefore, improper. The judgment nunc pro tunc is hereby set aside and held for naught.

REVERSED AND RENDERED.

BURGESS, Justice, Concurring.

I concur in the result as it is a correct application of the law. While correct under the law, in my estimation, the result does not benefit either party. Appellant's counsel stated that the property description in the original judgment partially describes property owned by a third party. Counsel recognized the original judgment would be a cloud on that title. Thus, further litigation will inevitably follow with the probability the result will mirror the judgment nunc pro tunc and a possibility that appellant may not prevail to any degree. It is cases like these which provide the critics of the legal profession with the ammunition they fling daily.