COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  | § |  |
| --- | --- | --- |
| ANN D. GARDNER AND JANE LEE DAVIS, | § | No. 08-09-00292-CV |
| Appellants, | § | Appeal from |
| v. | § | 143rd District Court |
| THE ESTATE OF HERBERT C. TRADER AND 7T PROPERTY MANAGEMENT, | § | of Reeves County, Texas |
|  | § | (TC # 08-0319037-CVR) |
| Appellees. | § |  |

## O P I N I O N

This appeal arises from an action brought pursuant to Texas Property Code § 29.001. Appellants Ann D. Gardner and Jane Lee Davis appeal the trial court's judgment in favor of Appellees, the Estate of Herbert C. Trader and 7T Property Management. We reverse and render judgment denying Appellees' petition for a forced sale of Appellants' property.

### FACTUAL SUMMARY

Appellees filed suit against Appellants pursuant to Chapter 29 of the Texas Property Code which permits a party to seek the forced sale of an owner's interest in certain real property as reimbursement for property taxes paid by a co-owner on the owner's behalf. TEX.PROP.CODE ANN. § 29.001-.004 (Vernon 2000 & Vernon Supp. 2010). The parties agreed to submit the case to the trial court on stipulated facts because the facts were undisputed and the case turned on statutory interpretation. The parties stipulated to the following facts:

1. Appellees and Appellants are the co-owners of undivided interests in real property described as AB2183, Blocks 54 and 55, Section 10, T&P, E/2, Reeves County,

Texas, containing 320 acres.

2. Appellants each own a 1/16 interest in the property, received by inheritance. Appellees received their interest through inheritance.

3. Appellees have timely paid ad valorem taxes on Appellants' interest in the above stated real property from 1994 to 2007 and made timely demand on Appellants for reimbursement of same before filing suit.

4. Appellees paid $223.26 in ad valorem taxes for each Appellant in the years 1994-2007.

5. The suit was filed on March 11, 2008, pursuant to Texas Property Code § 29.004. Appellees request that the subject property be divested and transferred to them.

6. After suit was filed and Appellants were served with citation, Appellants, tendered payment of $1,000 into the registry of the trial court.

The trial court entered judgment in favor of Appellees, erroneously reciting that Appellees had met the statutory elements of Section 29.003 of the *Tax* Code rather than Section 29.003 of the *Property* Code. Appellants filed a timely motion for new trial on the following grounds:

1. The trial court erred in ruling that Appellees had met the statutory elements of Tax Code § 29.003 when the applicable statute is Texas Property Code § 29.003.

2. The trial court erred by failing to rule that the Appellants' tender of $1,000 into the registry of the court precluded Appellees from prevailing pursuant to Texas Property Code § 29.003(3) which required the Appellees to prove at the hearing that it had not been paid more than 1/2 of the amount of taxes owed.

3. The court erred by failing to rule that equity prohibited a forfeiture of Appellants' interest to Appellees because Appellees made an excessive demand prior to filing suit.

The trial court did not rule on the motion for new trial, but the court issued a judgment nunc pro tunc correcting the statutory citation to Section 29.003 of the Texas Property Code. Appellants filed notice of appeal.

## JURISDICTION

Before reaching the merits of Appellant's arguments on appeal, we must first resolve a

jurisdictional issue raised by Appellees involving the timeliness of Appellants' notice of appeal. The trial court signed the original judgment on May 29, 2009. On June 25, 2009, Appellants timely filed a motion for new trial. *See* TEX.R.CIV.P. 329b(a)(requiring motion for new trial to be filed prior to or within thirty days after the judgment or other order complained of is signed). Because the motion for new trial sought a substantive change in the judgment, it extended both the time for filing the notice of appeal and the trial court's plenary power to grant a new trial, or to vacate, modify, correct, or reform the judgment. *See* TEX.R.APP.P. 26.1(a)(1); TEX.R.CIV.P. 329b(e); *Lane Bank Equipment Co. v. Smith Southern Equipment, Inc.*, 10 S.W.3d 308, 313 (Tex. 2000)(holding that only a motion seeking a substantive change in a judgment will extend the appellate deadlines and the trial court's plenary power). The trial court's plenary power to grant a new trial or to vacate, modify, correct, or reform the judgment was extended to thirty days after the motion for new trial was overruled by a written order or by operation of law, whichever occurred first. *See* TEX.R.CIV.P. 329b(e). Appellants' notice of appeal was due to be filed on August 27, 2009. *See* TEX.R.APP.P. 26.1(a)(1).

In the absence of a ruling, the motion for new trial would have been overruled by operation of law on August 13, 2009. The trial court did not rule on the motion, but on July 31, 2009, the judge signed a nunc pro tunc judgment correcting the statute recited in the judgment from Section 29.003 of the Tax Code to Section 29.003 of the Property Code. Appellants filed notice of appeal on October 29, 2009.

Appellees argue that the trial court's correction of the statutory citation in the nunc pro tunc judgment did not restart the appellate timetable because it corrected a clerical error. To be clerical in nature, the error must be one that is not the result of judicial reasoning, evidence, or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex.1986). The trial court has plenary power to correct a clerical error made in entering final judgment, but it cannot correct a judicial error made in rendering

a final judgment.  *Jenkins v. Jenkins*, 16 S.W.3d 473, 482 (Tex.App.--El Paso 2000, no pet.), *citing*

*Escobar v. Escobar*, 711 S.W.2d 230, 231 (Tex. 1986).  When deciding whether a correction is a

judicial or a clerical error, we look to the judgment actually rendered, not the judgment that should

or might have been rendered.  *Jenkins*, 16 S.W.3d at 482.  The court can only correct the entry of a

final written judgment that incorrectly states the judgment actually rendered.  *Id*.  Simply stated, even

if the court renders incorrectly, it cannot alter a written judgment which precisely reflects the

incorrect rendition.  *Id*.  We conclude that the trial court's misrecital of the applicable statutory

authority in its May 29, 2009 judgment nunc pro tunc is a clerical error.  *See Koch*, 702 S.W.2d at

585.

Rule 316 of the Texas Rules of Civil Procedure permits a trial court to correct clerical

mistakes in a judgment after notice has been provided to the interested parties.  TEX.R.CIV.P. 316;

*see Jenkins v. Jenkins*, 16 S.W.3d 473, 476 (Tex.App.--El Paso 2000, no pet.).  Rule 329b(h)

provides that "[i]f a judgment is modified, corrected or reformed *in any respect* " the appellate

timetable runs from the date of the new judgment.  TEX.R.CIV.P. 329b(h)(emphasis added); *Lane*

*Bank Equipment Co.*, 10 S.W.3d at 313.  Any change to a judgment made by the trial court while it

retains plenary jurisdiction will restart the appellate timetable under Rule 329b(h).  *Lane Bank*, 10

S.W.3d at 313.

Since Appellants timely filed a motion for new trial seeking a substantive change in the

judgment, the court signed the judgment nunc pro tunc during the court's plenary power.  *See*

TEX.R.CIV.P. 329b(e); *Lane Bank*, 10 S.W.3d at 313 (holding that any change to a judgment made

by the trial court while it retains plenary jurisdiction will restart the appellate timetable, but only a

motion seeking a substantive change will extend the appellate deadlines and the trial court's plenary

power).  The correction of the clerical error during the period of plenary power restarted the appellate

timetables. *See* TEX.R.CIV.P. 329b(h). Appellants' motion for new trial effectively assailed the judgment nunc pro tunc and extended the due date of the notice of appeal to October 29, 2009. Appellants timely filed their notice of appeal on that date. We therefore have jurisdiction of this appeal.

## POST-PETITION REIMBURSEMENT

In two related issues, Appellants challenge the trial court's determination that they had not reimbursed the petitioner more than half of the amount of money Appellees paid on behalf of Appellants for their share of ad valorem taxes imposed on the property. In their first issue, Appellants contend that their tender of $1,000 into the registry of the court precludes a finding under Section 29.003(3) that they had not reimbursed Appellees for more than one-half of the taxes owed. In Issue Two, they assert that Section 29.003(3) does not require reimbursement prior to filing suit but only prior to a hearing on the petition. Appellees, on the other hand, urge that Section 29.003(3) only requires a showing that Appellants did not reimburse them for more than half of the taxes paid before suit was filed. Although not expressly stated, we construe Appellants' arguments as challenging the sufficiency of the evidence to support the court's finding that Appellees had carried their burden of proof with respect to Section 29.003(3). The issues presented first require that we construe Section 29.003.

### *Rules of Statutory Construction*

When construing a statute, we begin with its language. *State v. Shumake*, 199 S.W.3d 279, 284 (Tex. 2006). Our primary objective is to determine the Legislature's intent which, when possible, we discern from the plain meaning of the words chosen. *Id*.; *City of San Antonio v. City of Boerne*, 111 S.W.3d 22, 25 (Tex. 2003). If the statute is clear and unambiguous, we must apply its words according to their common meaning without resort to rules of construction or extrinsic

aids. *Shumake*, 199 S.W.3d at 284; *Fitzgerald v. Advanced Spine Fixation Systems, Inc.*, 996 S.W.2d 864, 865-66 (Tex. 1999). We may consider other matters in ascertaining legislative intent, including the objective of the law, its history, and the consequences of a particular construction. *See* TEX.GOV'T CODE ANN. § 311.023(1), (3), (5)(Vernon 2005); *Shumak*e, 199 S.W.3d at 284. It is a well-settled rule of statutory construction that every word of a statute must be presumed to have been used for a purpose, and those excluded must be presumed to have been excluded for a purpose. *See Quick v. City of Austin*, 7 S.W.3d 109, 123 (Tex. 1998). Because statutory construction is a question of law, we review it *de novo*. *Shumake*, 199 S.W.3d at 284.

*Chapter 29 of the Property Code*

Chapter 29 of the Property Code applies only to real property that is not exempt from forced sale under the constitution or laws of Texas and is received by a person as a result of death of another person by inheritance, under a will, by a joint tenancy with a right of survivorship, or by any other survivorship agreement in which the interest of the decedent passes to a surviving beneficiary other than an agreement between spouses for community property with a right of survivorship. TEX.PROP.CODE ANN. § 29.001. A person who owns an undivided interest in such real property may file a petition in district court for an order to require another owner of an undivided interest in that property to sell the other owner's interest in the property to the person if:

> (1) the person has paid the other owner's share of ad valorem taxes imposed on the property for any three years in a five-year period . . . ; and

> (2) the other owner has not reimbursed the person for more than half of the total amount paid by the person for the taxes on the owner's behalf.

TEX.PROP.CODE ANN. § 29.002(a)(1), (2). At a hearing on a petition filed under Section 29.002, the petitioner must prove by clear and convincing evidence that:

> (1) the petitioner has paid the defendant's share of ad valorem taxes imposed

on the property that is the subject of the petition for any three years in a five-year period . . . ;

(2) before the date on which the petition was filed the petitioner made a demand that the defendant reimburse the petitioner for the amount of the defendant's share of ad valorem taxes imposed on the property paid by the petitioner; and

(3) the defendant has not reimbursed the petitioner more than half of the amount of money the petitioner paid on the defendant's behalf for the defendant's share of ad valorem taxes imposed on the property.

TEX.PROP.CODE ANN. 29.003.

Appellees assert that Section 29.003(3) only requires a showing that the defendant did not reimburse the petitioner before suit was filed, and the defendant cannot avoid a forced sale of property by reimbursing the petitioner after the suit is filed. Section 29.003(2) includes the language "before the date on which the petition was filed," but Section 29.003(3) does not. We find nothing in the language of Section 29.003(3) evidencing an intent on the part of the Legislature to permit a forced sale of property when the defendant reimburses the petitioner after the suit is filed. The Legislature could have easily included the phrase "before the date on which the petition was filed" in Section 29.003(3). We are required to presume that the Legislature included these words in Section 29.003(2) and excluded them from Section 29.003(3) for a purpose. *See Quick*, 7 S.W.3d at 123. Accordingly, we construe Section 29.003(3) as requiring the petitioner to prove by clear and convincing evidence that the defendant had not reimbursed the petitioner more than half of the ad valorem taxes paid by the petitioner at any point before the hearing on the petition.

*Legal Sufficiency*

Having determined what the statute requires, we turn to consider the legal sufficiency of the evidence supporting the trial court's finding on Section 29.003(3). In conducting a legal-sufficiency review of a fact finding made on clear and convincing evidence, we employ an elevated standard of

review. *Southwestern Bell Telephone Company v. Garza*, 164 S.W.3d 607, 627 (Tex. 2004). Under this review, we look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true. *Id.* If we determine after reviewing the evidence that no reasonable fact finder could form a firm belief or conviction that the matter that must be proven is true, then we must conclude that the evidence is legally insufficient. *Id.*

Appellees' petition alleged that they had paid the total amount of $999.30, including taxes and interest, on behalf of each Appellant for ad valorem taxes from 1994-2007. *See* TEX.PROP.CODE ANN. § 29.002(b)(4)(requiring petition to contain the total amount paid by the petitioner for the defendant's share of ad valorem taxes imposed on the property). In contrast with the amount alleged in the petition to have been paid, the parties stipulated that Appellees had paid $223.26 in ad valorem taxes for each Appellant in the years 1994-2007.[1] The parties also stipulated that Appellees had made demand on Appellants for reimbursement before filing suit, but the stipulation does not include the amount Appellees demanded that Appellants pay. It is undisputed that Appellants did not reimburse Appellees prior to the suit being filed, but Appellants tendered $1,000 into the registry of the court after the suit was filed as reimbursement for the taxes paid by Appellees. In the written tender of payment found in the clerk's record, Appellants expressed their confusion over the exact amount of money claimed by Appellees to be owed because it was unclear whether Appellees had paid $999.30 for each of the Appellants or whether that was the total amount paid by Appellees on behalf of both defendants. Nevertheless, Appellants tendered the sum of $1,000 to be held by the district clerk on behalf of the Appellees representing payment and reimbursement for taxes paid on Appellants' behalf. Further, Appellants specifically requested in their tender of payment that the trial

---

[1] The record does not reflect the reason for the discrepancy between the amount pleaded and the stipulation.

court accept the tender of $1,000 as full or partial payment of the amount owed to Appellees. As it turned out, Appellants tendered more than twice the amount owed Appellees for reimbursement.

Appellees argue that the tender of funds into the court's registry does not constitute reimbursement because it is "not an unequivocal payment" to them and they have not actually received the money. They do not cite any authority in support of their argument. Black's Law Dictionary defines "tender" as "[a] valid and sufficient offer of performance; specif., an unconditional offer of money or performance to satisfy a debt or obligation . . . ." BLACK'S LAW DICTIONARY 1606 (9th ed. 2009); *see Baucum v. Great American Insurance Company of New York*, 370 S.W.2d 863 (Tex. 1963)(holding that a tender, to be effective, must be legally valid and unconditional). At least one appellate court has held that a payment into the registry of the court under a reservation of rights or a conditional tender does not constitute "payment." *See TPS Freight Distributors, Inc. v. Texas Commerce Bank-Dallas*, 788 S.W.2d 456, 461 (Tex.App.--Fort Worth 1990, writ denied). It follows that an unconditional tender of payment into the court's registry can constitute payment of an obligation. Appellants' tender of money into the court's registry was unconditional and made to satisfy the amount owed to Appellees. As such, it constituted payment of the reimbursement amount owed by them to Appellees. Accordingly, we find that a reasonable trier of fact could not have formed a firm belief or conviction that Appellants had not reimbursed Appellees more than half of the amount paid by them for Appellants' share of ad valorem taxes on the property. Issues One and Two are sustained. Because our disposition of these issues resolves the case, we will not address the remaining issues. We reverse the judgment of the trial court and render judgment denying Appellees' petition for a forced sale of Appellants' property.

October 27, 2010 _____

ANN CRAWFORD McCLURE, Justice

Before Chew, C.J., McClure, and Rivera, JJ.