In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-22-00327-CV**
**IN THE INTEREST OF J.J., J.J., AND E.J.**

**On Appeal from the 317th District Court**
**Jefferson County, Texas**
**Trial Cause No. C-195,104-B**

## MEMORANDUM OPINION

Pro se Appellant J.J. ("Father") appeals the trial court's Order on Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform. The trial court granted the Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform (hereinafter "Motion for Judgment Nunc Pro Tunc") filed by Appellee T.B. ("Mother") in this suit affecting the parent-child relationship relating to their children J.J., J.J., and E.J.[1]

---

[1] To protect the children, we use either initials or pseudonyms for the children and their parents. *See* Tex. R. App. P. 9.8(a), (b).

Background[2]

In April 2017, Mother filed a petition to modify a Final Decree of Divorce between Mother and Father that was entered in 2009. On April 28, 2017, the trial court signed Temporary Orders that ordered Father "shall pay to" Mother "as and for support of the minor child/ren the sum of $1,500.00 per month with the first payment due and payable on the 1st day of May, 2017, payable as follows: on the first day of each month thereafter." According to a partial transcript from the final hearing on December 15, 2017 (hereinafter the "2017 Hearing"), attached as an exhibit to Mother's Motion for Judgment Nunc Pro Tunc,[3] the trial court pronounced that "the Court will order that the temporary orders remain in effect, be made into a final order." On January 19, 2018, the trial court signed an Order in Suit to Modify Parent-Child Relationship (hereinafter the "2018 Order") in favor of Mother. The 2018 Order stated as follows:

> ***Child Support***
>
> IT IS ORDERED that [Father] is obligated to pay and shall pay to [Mother] child support of one thousand five hundred dollars ($1,500.00) per month, with the first payment being due and payable on January 1, 2018 and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

---

[2] Because Father's issue on appeal only relates to child support, we limit our discussion of the background and our analysis to facts relevant to that issue.

[3] The parties do not challenge the authenticity of the partial transcript attached as an exhibit to Mother's motion.

1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;

2. any child marries;

3. any child dies;

4. any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or

5. any child's disabilities are otherwise removed for general purposes.

If the child is eighteen years of age and has not graduated from high school, IT IS ORDERED that [Father]'s obligation to pay child support to [Mother] shall not terminate but shall continue for as long as the child is enrolled-

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

Father appealed the 2018 Order raising issues not related to child support, and this Court affirmed the 2018 Order. *See In re J.J.*, No. 09-18-00068-CV, 2019 Tex. App. LEXIS 2053 (Tex. App.—Beaumont Mar. 14, 2019, no pet.) (mem. op.). At the time of the 2018 Order, the oldest children, J.J. and J.J. (twins) were sixteen years old, and the youngest child, E.J., was thirteen years old.

On September 30, 2021, Mother filed a Motion for Judgment Nunc Pro Tunc when the twins, J.J. and J.J., were twenty years old and the youngest child, E.J., was seventeen years old. Mother argued in the motion that the 2018 Order "contains a

3

clerical error" and that under the child support provisions of the 2018 Order "Number 1 should read until the youngest child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below[]" instead of "any child[.]"[4] According to Mother, the language of the 2018 Order conflicted with the decision rendered by the trial court at the 2017 Hearing wherein the trial court stated that "the Court will order that the temporary orders remain in effect, be made into a final order." Mother attached the reporter's record transcript from the hearing and the 2017 Temporary Orders as exhibits to her motion. In her Motion, Mother also alleged she was filing "in the alternative" a Motion to Modify to "enforce [Father]'s duty to support the youngest child retroactive to the date [Father] stopped paying support[.]"[5] Father filed a pro se motion to dismiss Mother's motion, arguing that

---

[4] On June 18, 2021, Mother filed a Motion for Judgment Nunc Pro Tunc and Father filed a motion to dismiss her motion. The motion was never heard by the trial court and Mother subsequently filed her September 30, 2021 Motion for Judgment Nunc Pro Tunc.

[5] Generally, a trial court has plenary power for thirty days after a judgment is signed to otherwise grant a new trial or to vacate, modify, correct, or reform the judgment. *See* Tex. R. Civ. P. 329b(d). Here, based on the signing of the 2018 Order on January 19, 2018, the trial court's plenary power ended thirty days later, on February 18, 2018. Mother filed her Motion for Judgment Nunc Pro Tunc in 2021. That said, the Family Code also provides, with some limited exceptions, that the trial court that made a child custody determination has continuing, exclusive jurisdiction to modify an order that provides for the conservatorship, support, or possession of and access to a child. *See* Tex. Fam. Code Ann. § 152.202.

As to her statement that she was filing "in the alternative" a motion to modify, we note that Mother did not file a Petition for Modification of Child Support, and

4

Mother's motion "does not meet clerical error rule[,]" Mother's complaints regarding the Temporary Orders are moot because temporary orders are superseded by a final order, Mother is attempting "to re-word the 'final order' in lieu of [a] proper modification action[,]" Mother's motion to modify was untimely and improper, and that the final order was drafted, approved, and signed by Mother's attorney and approved by Mother.

On February 22, 2022, and April 26, 2022, the trial court held a hearing on Mother's motion. Mother's counsel argued that the trial court's oral rendition at the 2017 Hearing was that the temporary orders (which required Father to pay $1,500 a month for his minor children) remain in effect and be made into a final order, but that a judgment nunc pro tunc was necessary to correct a clerical error in the 2018 Order because the 2018 Order required Father to pay $1,500 a month until any child reaches the age of eighteen and graduated instead of until the youngest child reaches the age of eighteen and graduated.

---

her "Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform" does not include or discuss the necessary grounds required for a Petition for Modification of Child Support. *See* Tex. Fam. Code Ann. § 156.401. In fact, at the hearing in 2022, when Father objected to any modification of the prior order, Mother's counsel stated, "It's not a modification. It's a nunc pro tunc." Nothing in our appellate record suggests that the trial court treated Mother's motion as a Petition for Modification of Child Support or that the trial court found that the movant had satisfied the grounds necessary for a modification of child support. *See id.*

At the hearing on Mother's Motion for Judgment Nunc Pro Tunc, the trial court acknowledged, "I'm just thinking out loud, but obviously the [2018] order is wrong. [Child support] never stops when the first child reaches the age of 18. I don't know what happened." The trial court pointed out that the wording of the 2018 Order benefitted Father because he did not have to pay $18,000 in child support for the youngest child, but Father argued in response that despite the language of the 2018 Order he had paid some money directly to the youngest child for support after the twins turned eighteen and graduated. Father also argued that Mother "had ample time to put in a proper modification suit to change this order. . . . [Mother] signed it, [Mother's counsel] signed it, [Mother's counsel] drafted it, [and] the Court entered it with no problem for two years." The trial court suggested that "the best way to handle this is for you-all to work out some agreement[,]" but Mother's counsel argued that Father was not cooperative. When Mother's counsel suggested that it would be appropriate for the trial court to enter a judgment nunc pro tunc that complied with the oral rendition, the trial court stated, "I'm not sure whether that language is appropriate that just says, enter the same orders as on the temporary. What does that mean?" The trial court decided that the parties "should work something out that - - figure out what should have been paid during the time and give [Father] credit for what he did pay, what he's given directly, reduce each time to when each child turned 18, reduce it and figure out what it is and then agree on a

6

figure. That would be the fair thing to do." A representative from the OAG's office suggested that "the only other thing you could possibly do is figure out what maybe the drop-down would have been[,]" and the trial court agreed and stated "That's what I was suggesting that they do, is figure out the drop-down and give him credit for everything that he's paid." The trial court then reset the hearing for a later date. At the later hearing, the trial court granted Mother's Motion for Judgment Nunc Pro Tunc.

On September 13, 2022, the trial court signed an order stating that the Order on Motion for Nunc Pro Tunc, Modification, Correct and/or Reform attached to Mother's Motion to Enter "be entered." The attached Order on Motion for Nunc Pro Tunc, Modification, Correct and/or Reform ordered the following, in relevant part:

### *Child Support*

IT IS ORDERED that [Father] is obligated to pay and shall pay to [Mother] child support of one thousand five hundred dollars ($1,500.00) per month, with the first payment being due and payable on January 1, 2018 and a like payment being due and payable on the first day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:
1. any child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below;
2. any child marries;
3. any child dies;
4. any child enlists in the armed forces of the United States and begins active service as defined by section 101 of title 10 of the United States Code; or
5. any child's disabilities are otherwise removed for general purposes.

Thereafter, [Father] is ORDERED to pay [Mother] child support of one thousand two-hundred forty-four dollars ($1,244.00) per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for that child and a like sum of one thousand two hundred forty-four dollars ($1,244.00) due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for another child for whom [Father] remained obligated to pay support under this order.

Thereafter, [Father] is ORDERED to pay [Mother] child support of one thousand two hundred forty-four dollars ($1,244.00) per month, due and payable on the first day of the first month immediately following the date of the earliest occurrence of one of the events specified above for that child and a like sum of one thousand two hundred forty-four dollars ($1,244.00) due and payable on the first day of each month thereafter until the next occurrence of one of the events specified above for another child for whom [Father] remained obligated to pay support under this order.

If the child is eighteen years of age and has not graduated from high school and [Father]'s obligation to support the child has not already terminated, IT IS ORDERED that [Father]'s obligation to pay child support to [Mother] shall not terminate but shall continue for as long as the child is enrolled-

1. under chapter 25 of the Texas Education Code in an accredited secondary school in a program leading toward a high school diploma or under section 130.008 of the Education Code in courses for joint high school and junior college credit and is complying with the minimum attendance requirements of subchapter C of chapter 25 of the Education Code or

2. on a full-time basis in a private secondary school in a program leading toward a high school diploma and is complying with the minimum attendance requirements imposed by that school.

Accordingly, this language in the Order on Motion for Nunc Pro Tunc, Modification, Correct and/or Reform provided for a "step-down" in child support for the youngest child after the twins turned eighteen and graduated. The Order on Motion for Nunc Pro Tunc, Modification, Correct and/or Reform also provided the following:

8

*Child Support Judgment*

It is FOUND and CONFIRMED that [Father] is in arrears on child support in the amount of $15,553.00 as of May 31, 2022. This includes all unpaid child support and any balance owed on previously confirmed child support arrearages or retroactive support judgments as of the specified date. This includes court ordered credit for direct payments.

A judgment is GRANTED against [Father] and in favor of the OFFICE OF THE ATTORNEY GENERAL in the amount of $15,553.00, with interest as provided by law of the State of Texas, at the rate of 6% per annum; for collection and distribution according to law.

[Father], Obligor, is ORDERED to pay said child support judgment by paying $1,244.00 each month beginning the 1st day of June, 2022, payable on or before that date and on or before the same day of each month thereafter until the arrearage is paid in full.

The withholding order authorized herein shall include such payments, but nothing herein shall prohibit the use of other collection methods authorized by law. The court's order setting payments on a child support judgment or on a medical support judgment does not preclude or limit the use of any other means for enforcement of the judgment.

Father did not sign the Order on Motion for Nunc Pro Tunc, Modification, Correct and/or Reform.

After a request from Father for findings, the trial court filed the following Findings of Fact and Conclusions of Law:

## I. FINDINGS OF FACT

1. The Court rendered a Temporary Order in this cause on April 28, [2]017, ordering child support of $1,500.00 per month to be paid by [Father] to [Mother].

9

2. The Court held a final hearing on December 15, 2017 and rendered that [Father] shall continue to pay to [Mother] $1,500.00 per month as child support for all children in this case.

3. The Court signed an Order in Suit to Modify Parent-Child Relationship in this cause on January 19, 2018 that ordered child support of $1,500.00 per month, and mistakenly stated in said modification order, until any child reaches the age of eighteen years or graduates from high school.

4. Said mistaken child support language in said modification order failed to recite what the Court had rendered on December 15, 2017 wherein the Court ordered [Father] to pay child support of $1,500.00 for all children in this cause.

5. The Court properly granted the Petitioner's Request for Nunc Pro Tunc, Modification, Correct and/or Reform and on September 13, 2022, signed the Order on Motion for Nunc Pro Tunc, Modification Correct and/or Reform correcting the said mistake and providing for a step-down amount pursuant to the Court's authority granting a judgment as stated therein.

## II. CONCLUSIONS OF LAW

1. The court had proper jurisdiction of this matter.

2. The Court had proper authority to sign and correct the order to lawfully reflect what the Court had rendered and what the Court had intended and to satisfy the requirements of the provisions of the Texas Family Code.

3. That pursuant to the evidence, and the law, the Court had lawful discretion and authority to provide for a judgment for child support not previously paid by [Father] that the Court had rendered he was to pay.

Father appealed.

## Issue on Appeal

On appeal, Father argues that because the trial court erred in granting Mother's Motion for Judgment Nunc Pro Tunc, the trial court did not have jurisdiction to "modify[] the [child] support order and establish[] arrearage." According to Father, the evidence is insufficient to support the trial court's implied finding that the order contained a clerical error, and that the trial court's nunc pro tunc order changing the order's qualifications for child emancipation created an increase in his obligation to pay and therefore created a substantive change. Father argues that the trial court was without plenary power to make a substantive change to the judgment.

The Office of the Attorney General ("OAG") filed a brief in response as an interested party and argued that the trial court had sufficient evidence to find that the entered order did not conform with the pronounced judgment. According to the OAG, the judgment nunc pro tunc is void because it corrected a judicial rather than clerical error, and the trial court should modify the judgment nunc pro tunc by vacating the step-down provisions and correcting the 2018 Order so it conforms with the oral pronouncement at the hearing. The OAG acknowledges, however, that conforming the order to the judgment actually rendered "may result in an order for indefinite child support, because the Temporary Orders contained no termination

11

date for the child support[] [which] is problematic [] under [] the Texas Family Code[.]" Mother joined in the OAG's brief.

Standard of Review and Applicable Law

We review de novo the validity of a judgment nunc pro tunc. *Escobar v. Escobar*, 711 S.W.2d 230, 232 (Tex. 1986); *In re A.K.M.*, No. 09-12-00464-CV, 2014 Tex. App. LEXIS 2230, at *41 (Tex. App.—Beaumont Feb. 27, 2014, pet. denied) (mem. op.). A trial court in the same case may sign an order rendering judgment nunc pro tunc to correct a clerical error in the record of the judgment. Tex. R. Civ. P. 329b(f). After expiration of the trial court's plenary power, a judgment nunc pro tunc can be used only to correct clerical errors, not judicial errors. *Escobar*, 711 S.W.2d at 231; *In re A.M.R.*, 528 S.W.3d 119, 122 (Tex. App.—El Paso 2017, no pet.); *Seago v. Bell*, 764 S.W.2d 362, 363-64 (Tex. App.—Beaumont 1989, no writ).

A clerical error is a discrepancy between the entry of a judgment in the record and the judgment that was actually rendered by the trial court. *See Escobar*, 711 S.W.2d at 231-23. A clerical error does not result from judicial reasoning or determination. *Andrews v. Koch*, 702 S.W.2d 584, 585 (Tex. 1986) (per curiam); *Seago*, 764 S.W.2d at 363. If the same trial judge who signed the original judgment also signed an order granting the subsequent nunc pro tunc motion, we presume that the judge's recollection supports the finding of a clerical error. *Gedney v. Gedney*,

No. 09-10-00521-CV, 2012 Tex. App. LEXIS 3252, at *6 (Tex. App.—Beaumont Apr. 26, 2012, no pet.) (mem. op.) (citing *Rawlins v. Rawlins*, 324 S.W.3d 852, 855 (Tex. App.—Houston [14th Dist.] 2010, no pet.)).

A nunc pro tunc judgment may not be used to correct judicial errors. *Escobar*, 711 S.W.2d at 231; *Seago*, 764 S.W.2d at 363. "A judicial error is one made by the court in rendering judgment, as opposed to a failure to accurately recite the judgment rendered." *Seago*, 764 S.W.2d at 363-64. In deciding whether a correction is a clerical or judicial error, the reviewing court looks to the judgment actually rendered, not the judgment that should or might have been rendered. *Escobar*, 711 S.W.2d at 231; *Gedney*, 2012 Tex. App. LEXIS 3252, at **6-7. "Whether an error is judicial or clerical is a question of law; therefore, the trial court's finding that an error is clerical is not binding upon an appellate court." *Seago*, 764 S.W.2d at 364 (citing *Finlay v. Jones*, 435 S.W.2d 136, 138 (Tex. 1968)).

Where a judgment is prepared by an attorney for the successful party, then signed by the court, it becomes the judgment of the court. *Id.*. "Recitations or provisions alleged to have been included or omitted by a mistake of the attorney are part of the court's judgment and, therefore, are judicial errors." *Id.* (citing *Dikeman v. Snell*, 490 S.W.2d 183, 185-86 (Tex. 1973)); *see also In re Daredia*, 317 S.W.3d 247, 249 (Tex. 2010) ("'[P]rovisions alleged to have been inserted by mistake of the attorney nevertheless become a part of the court's judgment and therefore are

13

judicial errors when thus rendered in writing by the court.'") (quoting *Dikeman*, 490 S.W.2d at 185-86).

"A judgment nunc pro tunc cannot 're-adjudicate or rewrite and change the decretal portion of the judgment as rendered.'" *Stock v. Stock*, 702 S.W.2d 713, 716 (Tex. App.—San Antonio 1985, no writ) (quoting *Dikeman*, 490 S.W.2d at 186); *see also Gedney*, 2012 Tex. App. LEXIS 3252, at **8-10. Erroneous recitals contained in a judgment are viewed as judicial errors and cannot be cured by a nunc pro tunc proceeding after the judgment is final. *Finlay*, 435 S.W.2d at 138. "Substantive changes to an order are judicial errors that cannot be remedied through a nunc pro tunc judgment." *In re Marriage of Bowe & Perry*, Nos. 14-16-00551-CV & 14-16-00557-CV, 2017 Tex. App. LEXIS 11371, at **8-13 (Tex. App. Houston [14th Dist.] Dec. 7, 2017, no pet.) (mem. op.) (citing *Mathes v. Kelton*, 569 S.W.2d 876, 878 (Tex. 1978) (a nunc pro tunc judgment that changed the party entitled to possession of certain property "materially altered the substance" of the prior order and "[t]hat change constituted the correction of a judicial error which cannot be validly accomplished by a judgment nunc pro tunc[]"); *see also Gedney*, 2012 Tex. App. LEXIS 3252, at **5-10 (reversing judgment nunc pro tunc that made additions and changes to the written judgment in a divorce decree regarding children's drop-off and pick-up, spring break, Christmas break, July 4th visitation, and private school tuition after concluding that the additions and changes were not the correction of

14

clerical errors and were substantive changes). An attempted nunc pro tunc judgment to correct a judicial error after plenary power has expired is void for lack of jurisdiction. *In re Marriage of Russell*, 556 S.W.3d 451, 457 (Tex. App.—Houston [14th Dist.] 2018, no pet.); *see also Dikeman*, 490 S.W.2d at 186.

Analysis

In Mother's Motion for Judgment Nunc Pro Tunc, she asserted that the 2018 Order contained a "clerical error" because the first paragraph under the child support provisions "should read until the youngest child reaches the age of eighteen years or graduates from high school, whichever occurs later, subject to the provisions for support beyond the age of eighteen years set out below[]" instead of the child support being paid until "any child" reaches eighteen.[6] According to Mother, the 2018 Order conflicted with the decision rendered by the trial court at the 2017 Hearing wherein the trial court stated that "the Court will order that the temporary orders remain in effect, be made into a final order."

In the oral rendition of judgment in 2017, the trial court ordered that the "temporary orders remain in effect, be made into a final order[,]" and the temporary orders required Father to pay child support for his minor children in the amount of $1,500 per month. The oral rendition was silent as to when child support would end

___

[6] In essence, Mother argued that the Judgment Nunc Pro Tunc needed to provide for child support for their third child after the twins turned eighteen and graduated.

15

or the amount of any "step down" in support after the twins reached eighteen and graduated. The 2018 Order stated that Father would pay child support monthly until "any child" reached eighteen and graduated, which was a provision not contained in the oral rendition. Father asserted at the hearing on the motion for judgment nunc pro tunc that Mother's counsel drafted, reviewed, and signed the 2018 Order and Mother's counsel did not argue otherwise. The 2018 Order stated it was "Approved as to Form Only" by counsel, and it was "Approved and Consented to as to both Form and Substance" by Mother as evidenced by her signature.

A judgment nunc pro tunc should be based on differences between the oral rendition of judgment and the written judgment, and only when the differences are clerical errors. *See Gedney*, 2012 Tex. App. LEXIS 3252, at *9 (citing *Dikeman*, 490 S.W.2d at 185-86; *Gardner v. Estate of Trader*, 333 S.W.3d 331, 334 (Tex. App.—El Paso 2010, no pet.). We conclude that the Order on Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform entered after the trial court granted Mother's motion to enter the judgment nunc pro tunc amounted to a substantive change from the judgment orally pronounced (as well as a substantive change to the written 2018 Order) because it provided that Father would stop paying child support only after the youngest child reached eighteen and graduated and it altered the monthly amount Father was ordered to pay in child support to provide a "step-down" from $1,500 monthly to $1,244 monthly for the third child once the twins turned

eighteen and graduated and until the youngest child turned eighteen and graduated. These additions and changes to the written judgment are not the correction of clerical errors and the substantive changes made by the nunc pro tunc were improper.[7] *See Escobar*, 711 S.W.2d at 231; *Gedney*, 2012 Tex. App. LEXIS 3252, at *6, **9-10 (citing *Andrews*, 702 S.W.2d at 585; *In re Marriage of Ward*, 137 S.W.3d 910, 913 (Tex. App.—Texarkana 2004, no pet.)); *Seago*, 764 S.W.2d at 363-64; *see also In re Marriage of Bowe & Perry*, 2017 Tex. App. LEXIS 11371, at **8-13. Accordingly, the Order on Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform is void. *See In re Marriage of Russell*, 556 S.W.3d at 457 (citing *Dikeman*, 490 S.W.2d at 186). We sustain Father's issue on appeal.

The trial court's Order on Motion for Judgment Nunc Pro Tunc, Modification, Correct and/or Reform is void for lack of jurisdiction. We vacate the Order and reinstate the trial court's January 19, 2018 order. *See In re Marriage of Bowe & Perry*, 2017 Tex. App. LEXIS 11371, at *14.

---

[7] *Cf. In re S.V.*, No. 05-17-01486-CV, 2019 Tex. App. LEXIS 5717, at **6-8 (Tex. App.—Dallas July 9, 2019, no pet.) (mem. op.) (judgment nunc pro tunc adding "step down" child support provision was correcting clerical error because, although the prior nunc pro tunc order in a suit affecting the parent-child relationship omitted the "step down" provision after father filed motion without the language, there was "clear, satisfying, and convincing" evidentiary proof of a clerical error where the "step down" child support language was in the original SAPCR and the docket sheet from the later nunc pro tunc hearing noted that the "step down" child support language had been included in a previous draft but was unintentionally dropped from order signed and "[t]o not correct this clerical error would be manifestly unjust to the Respondent").

REVERSED AND RENDERED.

LEANNE JOHNSON
Justice

Submitted on July 31, 2023
Opinion Delivered October 12, 2023

Before Horton, Johnson and Wright, JJ.

18